Fulo, J.
The defendant, located quite close to a cemetery, St. Michael’s, in Astoria, Queens, manufactures and sells gravestones and monuments. He keeps his office open on Sundays to arrange for the sale of gravestones and, on January 5, 1958, he sold two monuments to two customers, preparing and executing the essential contracts for these sales. He does no manufacturing on Sunday, although customers come to his place to obtain prices and enter into contracts of sale. Charged with offering and selling monuments on the day in question, in violation of section 2147 of the Penal Law, the defendant was found guilty and fined $5. The Appellate Division, reversing on the law and facts, dismissed the complaint and a Judge of this court granted leave to appeal.
*90 Section 2147 of the Penal Law, brief and to the point, broadly provides that
“ All manner of public selling or offering for sale of any property upon Sunday is prohibited,”
and then lists a number of articles which are excepted from the operation of the statute. Admittedly, gravestones and monuments are not among such items. As the Appellate Division has observed, the defendant’s sales of gravestones and memorials for deceased persons did not in fact constitute “ serious interruptions of the repose and religious liberty of the community ”, but that is here beside the point. The simple fact is that the Legislature, by enacting section 2147, has announced that all sales — except those specifically excepted in the statute itself — are forbidden, even though they may not in truth disturb Sunday’s rest or repose or religious liberty. (See, e.g., People v. East Coast Attic & Basement Co., 4 N Y 2d 954, affg. 10 Misc 2d 378; People v. Moses, 140 N. Y. 214, 215-217; People ex rel. Bender v. Joyce, 174 App. Div. 574, 579-580; N. Y. Legis. Doc., 1952, No. 1, p. 26; Note, 6 Syracuse L. Rev. 362, 364-365.)
It is urged upon us that many families desiring to purchase a stone or other memorial can do so only on Sundays, when they take the occasion to visit the graves of their departed. This may well be so, but it too is beside the point. As already indicated, we deal with a subject concerning which the Legislature has spoken and, since the statute does not exclude the sale of gravestones from its broad proscription, we have no alternative but to reverse the Appellate Division’s dismissal of the complaint. We must read statutes as they are written and, if the consequence seems unwise, unreasonable or undesirable, the argument for change is to be addressed to the Legislature, not to the courts.
The order appealed from should be reversed and a new trial ordered.
Chief Judge Conway and Judges Desmond, Froessel and Van Voorhis concur with Judge Fuld; Judges Dye and Burke dissent and vote to affirm for the reason stated in the memorandum in the Appellate Division. (See, also, People v. Dunford, 207 N. Y. 17.)
Order reversed, etc.