■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DOYEN, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant contends that his convictions were based on legally insufficient evidence and were against the weight of the evidence. Upon our review of the record, we conclude that the evidence was legally sufficient and amply supported the verdict (see, People v Bleakley, 69 NY2d 490, 495). Defendant also contends that the trial court erred in charging sexual misconduct as a lesser included offense of sodomy in the first degree. Although this charge was error (see, People v Laundry, 122 AD2d 450, 452), any objection was waived by defendant's request for this charge (see, CPL 300.50 [1]; People v Zocchi, 133 AD2d 478, 479). Further, defendant contends that his conviction for the crime of kidnapping in the second degree must be reversed because it merges with his conviction of sodomy in the first degree (see, People v Cassidy, 40 NY2d 763). Since the facts adduced at trial establish that the victim's kidnapping was incidental to and inseparable from the commission of the sodomy, the former charge merges with the latter (see, People v Burgess, 107 AD2d 703, 704-705; People v Stoesser, 92 AD2d 650, 652; People v Tillman, 69 AD2d 975).

We find that defendant's remaining contentions are either

unpreserved or without merit. (Appeal from judgment of Ontario County Court, Reed, J.—kidnapping, second degree; sodomy, first degree.) Present—Callahan, J. P., Boomer, Pine, Lawton and Davis, JJ.