OPINION OF THE COURT
Ciparick, J.
Petitioners in these three appeals each seek to compel the respondent police departments to comply with their Freedom of Information Law (FOIL) requests for records pertaining to the sex crimes for which they were convicted. Petitioners requested the documents for use in collateral review of their convictions. The police departments, citing Civil Rights Law § 50-b (1), refused the requests in their entirety. Civil Rights Law § 50-b (1) prohibits disclosure by a government employee of any portion of a police report, court file or other document which tends to identify the victim of a sex crime. Petitioners commenced CPLR article 78 proceedings to compel the police departments to comply with their requests arguing that, although section 50-b (1) bars disclosure of information that tends to identify the victim of a sex crime, the exception in section 50-b (2) (a) allowing disclosure to persons “charged” with a sex offense applied to them. The Appellate Division panels have concluded that the term “charged” should be read to apply to the petitioners. We disagree and now reverse.

Matter of Fappiano

In 1985, Scott Fappiano was convicted in Supreme Court of rape, sodomy, sexual abuse and burglary. Fappiano challenged his conviction in a CPL article 440 motion which Supreme Court denied (People v Fappiano, 134 Misc 2d 693). The Appel *745 late Division affirmed the conviction as well as denial of the CPL article 440 motion (People v Fappiano, 139 AD2d 524, lv denied 72 NY2d 918). In March 1994, Fappiano made a FOIL request to the New York City Police Department for 25 categories of police reports pertaining to his case, which the Police Department denied. Fappiano commenced the present article 78 proceeding to compel disclosure. He allegedly seeks these documents in order to file a federal habeas corpus petition. Supreme Court ordered disclosure of the documents and the Appellate Division affirmed, concluding that the petitioner was similarly situated to a person charged with a crime.

Matter of Stapleton

Ceasar Stapleton was convicted in Supreme Court of rape, sodomy and assault in 1988. His conviction was affirmed on appeal (204 AD2d 580, lv denied 84 NY2d 872). Stapleton made three applications for a writ of error coram nobis, which were denied, as well as three unsuccessful CPL article 440 motions. Most recently, Stapleton petitioned in federal court for a writ of habeas corpus. Although an evidentiary hearing is pending, the federal court has summarily denied all but one of Staple-ton’s claims of error at his trial (Stapleton v Greiner, 2000 US Dist LEXIS 11879, 2000 WL 1207259). Stapleton made his FOIL request to the New York City Police Department in August 1996, seeking nine categories of reports. The Police Department denied the request under Civil Rights Law § 50-b (1). However, Stapleton made another, contemporaneous FOIL request to the District Attorney’s Office seeking substantially the same material, and the District Attorney complied. Staple-ton brought the present article 78 proceeding to compel the Police Department to disclose its records. He claims they are relevant to the issues raised in his CPL article 440 and federal habeas corpus proceedings. The Supreme Court ordered the Police Department to deliver the records and the Appellate Division, citing its decision in Fappiano, affirmed.

Matter of Doyen

In 1987, Charles Doyen was convicted in County Court of sodomy and kidnapping. The Appellate Division affirmed the sodomy conviction and reversed the kidnapping conviction (People v Doyen, 155 AD2d 894, lv denied 75 NY2d 769). In 1998, Doyen requested 13 categories of documents from the New York State Police pertaining to his investigation and arrest. Citing Civil Rights Law § 50-b (1), the police denied the request, and Doyen commenced a CPLR article 78 proceeding *746 to compel disclosure. Supreme Court dismissed the petition for lack of subject matter jurisdiction. In reinstating the petition, the Appellate Division concluded that petitioner was similarly-situated to a person charged with a crime and, furthermore, that the legislative history of Civil Rights Law § 50-b revealed an intent to treat post-conviction litigants the same as those who have merely been charged.
Discussion
All government records are presumptively open for public inspection unless specifically exempted from disclosure as provided in the Public Officers Law (Public Officers Law § 87 [2]; Matter of Gould v New York City Police Dept., 89 NY2d 267). In Gould, the FOIL petitioners, one of whom was convicted of a sex crime, sought to obtain complaint follow-up reports (DD-5’s) and other records for which the police claimed a blanket “intra-agency” exemption. We rejected the claim and remitted the cases for a particularized showing as to whether any exemption applied, noting that exemptions must be narrowly construed and the burden rests on the government agency to show that requested material qualifies for exemption (Gould, supra, 89 NY2d, at 275).
As relevant here, Public Officers Law § 87 (2) (a) limits disclosure of documents specifically exempted by state or federal statute. Respondent police departments rely on the following statutory exemption contained in Civil Rights Law § 50-b (1):
“[t]he identity of any victim of a sex offense * * * shall be confidential. No report, paper, picture, photograph, court file or other documents * * * which identifies such a victim shall be made available for public inspection. No such public officer or employee shall disclose any portion of any police report, court file, or other document, which tends to identify such a victim except as provided in subdivision two of this section.”
Petitioners, by contrast, rely on subdivision (2), which states that:
“The provisions of subdivision one of this section shall not be construed to prohibit disclosure to:
“a. Any person charged with commission of an offense * * * against the same victim.”
*747 Petitioners assert that they are entitled to disclosure of the requested materials under Civil Rights Law § 50-b (2) (a) in order to prepare for collateral review of their convictions to the same extent as a defendant facing trial. In each of these cases, the Appellate Division agreed, stating that the petitioners were similarly situated to a person charged with a crime and seeking documents to mount a defense. The use of the term “charged,” however, in the exception at Civil Rights Law § 50-b (2) (a), puts the petitioners, already convicted, outside the scope of the statute.
Statutory interpretation requires that words be given their natural and obvious meaning. The exception in Civil Rights Law § 50-b (2) (a) applies to a person “charged” with a crime. A person charged with a crime is distinctly different from one who has already been convicted. A person charged with a crime, unlike a convicted person, enjoys a presumption of innocence, the right to counsel, the right to a jury trial and, significantly in the present context, the right to confront one’s accuser. A person charged with a crime thus cannot be equated with a convicted person for purposes of Civil Rights Law § 50-b.
Nor does the legislative history support petitioners’ interpretation of the statute. While it is true that the sponsor’s Memorandum in Support at one point refers to the individual to whom the exception applies as a “defendant,” the same sentence states that the defendant in question is one involved at the “investigation and prosecution” stage of a sex crime (see, Mem of Senator Stafford, 1979 NY Legis Ann, at 383). The memorandum does not address the statute’s application in a post-conviction setting. In any event, given that a CPL article 440 movant is sometimes referred to as a defendant whereas a habeas corpus petitioner typically is not, it is far from clear that the term “defendant” would adequately cover all convicted persons seeking documents for collateral review of their convictions.
Reading the sponsor’s memorandum further, the sole justification given for providing the exception in section 50-b (2) (a) is to “protect!] the rights of the accused to confront witnesses against him” (id., at 384). Because the constitutionally guaranteed right of confrontation was the sole reason given by the Legislature for access under section 50-b (2) (a), we may not now read that provision to provide identical rights in the context of CPL article 440 motions and federal habeas corpus review, which are not of constitutional dimension (see, People v Gersewitz, 294 NY 163; 28 USC § 2254). While post-conviction *748 litigants might consider their need for documents as compelling as those of defendants facing trial, such a fundamental change to the scope of the statute lies within the purview of the Legislature (Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 107).
Nor does the fact that petitioners already know the identity of their victims provide a basis for disclosure. The original goal of Civil Rights Law § 50-b, which is to protect the privacy of sex crime victims, cannot be negated by a litigant’s assertion that he knows the identity of the victim (see, Matter of John P. v Whalen, 54 NY2d 89; Matter of Newsday, Inc. v Sise, 71 NY2d 146). As we stated in Matter of John P., “the standing of one who seeks access to records under the Freedom of Information Law is as a member of the public” (54 NY2d, at 98). Thus, we conclude that the petitioners do not fit within the exception for persons charged in Civil Rights Law § 50-b (2) (a) and must be treated in the same manner as any other person seeking access to these records.*
Notwithstanding our holding, we conclude that respondent police departments did not meet their burden of showing that the statutory privilege of Civil Rights Law § 50-b applies to all of the records that petitioners seek (Matter of Gould v New York City Police Dept., 89 NY2d 267, supra). Although Civil Rights Law § 50-b shields documents containing information that tends to identify the victim of a sex crime, the police departments here made no attempt to show that each requested document contained identifying information. While Civil Rights Law § 50-c mandates caution by imposing civil liability upon governmental entities that disclose the identity of a sex crime victim in violation of section 50-b, that fact does not justify a blanket denial of a request for any documents relating to a sex crime. If a requested document does not contain information that tends to identify the victim of a sex crime, and the FOIL request is otherwise valid, the document must be disclosed. In those cases where there is a legitimate dispute as to whether the information contained in any given document tends to identify the victim, the police still bear the burden of making a particularized showing as to why it should not be disclosed (see, Matter of Fink v Lefkowitz, 47 NY2d 567, 571).
*749 Finally, Ceasar Stapleton’s petition should be dismissed. In an affirmation Stapleton conceded that he had received “most” of the documents he requested from the New York City Police Department by means of another, contemporaneous FOIL request to the District Attorney’s Office. In his CPLR article 78 proceeding, Stapleton sought primarily to compel disclosure of “serial numbers” or “lot numbers” of photographs introduced into evidence at his criminal trial. However, Staple-ton did not request either serial numbers or lot numbers of photographs in his FOIL request to the NYPD. Stapleton received the documents requested in the subject NYPD FOIL request from the District Attorney’s Office. Thus, the relief sought here is academic. The lot numbers requested are not here discoverable since they were not originally requested from the police (Matter of Moore v Santucci, 151 AD2d 677).
Accordingly, in Stapleton, the order of the Appellate Division should be reversed, without costs, and the petition dismissed. In Fappiano and Doyen, the orders of the Appellate Division should be reversed, without costs, and the matters remitted to Supreme Court for further proceedings in accordance with this opinion. In Fappiano, the certified question need not be answered as it is unnecessary, and in Doyen, it should be answered in the affirmative.
Chief Judge Kaye and Judges Smith, Levine, Wesley and Rosenblatt concur; Judge Graffeo taking no part.
In Matter of Fappiano v New York City Police Dept.: Order reversed, without costs, and matter remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein. Certified question not answered upon the ground that it is unnecessary.
In Matter of Stapleton v Pakstis: Order reversed, without costs, and petition dismissed.
In Matter of Doyen v McMahon: Order reversed, without costs, matter remitted to Supreme Court, Albany County, for further proceedings in accordance with the opinion herein and certified question answered in the affirmative.

 Petitioners did not attempt to obtain the documents they seek through any of the other provisions in Civil Rights Law § 50-b (2); accordingly, the discussion here is limited to the applicability of Civil Rights Law § 50-b (2) (a).