OPINION OF THE COURT
Memorandum.
Order reversed on the law, defendant’s motion to suppress evidence denied and matter remitted to the court below for all further proceedings.
Defendant was charged with two counts of endangering the welfare of a child (Penal Law § 260.10 [1], [2]). The child is an eight-year-old boy suffering from autism, who does not speak and inflicts bodily harm upon himself. He requires special bus transportation to and from school, and the services of defendant, his personal bus matron. When the child’s mother noticed that her son was coming home with bruises and abnormal redness on his body, she put an audio recording device into her son’s backpack before she placed him on the school bus on September 30, 2005. Defendant moved to suppress the audio recording of her conversation on the ground that the conversation was recorded without her consent or the consent of any other party present during the conversation, in violation of Penal Law § 250.05, and should be suppressed pursuant to CPLR 4506. The People argued that the mother consented to the recording on behalf of her child, who was present during the conversation. The court below declined to adopt the People’s argument and granted defendant’s motion to suppress said evidence. The instant appeal by the People ensued.
A person is guilty of the felony offense of eavesdropping when he or she engages in “mechanical overhearing of a conversation” (Penal Law § 250.05). “Mechanical overhearing of a conversation” is defined as the “intentional overhearing or recording of a conversation or discussion, without the consent of at *8 least one party thereto, by a person not present thereat, by means of any instrument, device or equipment” (Penal Law § 250.00 [2]). CPLR 4506 bars the use of eavesdropping evidence obtained by private individuals in violation of Penal Law § 250.05 (see People v Capolongo, 85 NY2d 151, 158-159 [1995]), as there is a strong public policy of protecting citizens against eavesdropping (see People v Capolongo, 85 NY2d at 160).
The New York eavesdropping statute is similar to the federal wiretap statute in that both statutes require consent from at least one party to the conversation for the recording to be lawful (compare Penal Law § 250.05, with 18 USC § 2511 [2] [d]). In construing the federal wiretap statute (18 USC § 2511), the court in Pollock v Pollock (154 F3d 601, 610 [6th Cir 1998]), held that when a parent or guardian can demonstrate a “good faith, objectively reasonable basis [to] believ[e] . . . [that it] was necessary for the welfare of the child [to record a conversation],” a parent may consent to the recording on the child’s behalf and be exempt from liability under the federal wiretap statute (see Thompson v Dulaney, 838 F Supp 1535, 1545 [1993]). Various state courts have also adopted “vicarious consent” as an exemption under wiretapping statutes (see D’Onofrio v D’Onofrio, 344 NJ Super 147, 154-156, 780 A2d 593, 596-598 [2001]; State v Diaz, 308 NJ Super 504, 706 A2d 264 [1998] [audio portions of a video recording were held to be admissible in the prosecution of a nanny accused of assaulting and endangering the welfare of an infant child]; Silas v Silas, 680 So 2d 368, 371 [Ala 1996]). We note that such recorded evidence has been admitted at trial for impeachment purposes in this state (see People v Jinsong He, 291 AD2d 413 [2002]; People v Hughes, 124 AD2d 344 [1986]).
The primary consideration of the courts in the construction of statutes is to ascertain and give effect to the intention of the Legislature, and the best evidence of that intent is the plain wording of the statute itself (McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a]; see Desiderio v Ochs, 100 NY2d 159, 169 [2003]; Riley v County of Broome, 95 NY2d 455 [2000]). Courts look to the purpose underlying the legislative scheme (see Sheehy v Big Flats Community Day, 73 NY2d 629, 634 [1989]), and penal statutes are to be construed in light of the common law (McKinney’s Cons Laws of NY, Book 1, Statutes § 271 [f]). “[I]t is a general rule of statutory construction that a clear and specific legislative intent is required to override the common law” (Hechter v New York Life Ins. Co., 46 NY2d 34, 39 *9 [1978] [citations omitted]). There has been no showing made on this record that the Legislature, by enacting Penal Law §§ 250.05 and 250.00 (2), abrogated the common law with respect to whether an infant can provide the necessary consent to record a conversation to which the infant is a party.
“Infancy, since common-law times and most likely long before, is a legal disability and an infant, in the absence of evidence to the contrary, is universally considered to be lacking in judgment, since his or her normal condition is that of incompetency. In addition, an infant is deemed to lack the adult’s knowledge of the probable consequences of his or her acts or omissions and the capacity to make effective use of such knowledge as he or she has. It is the policy of the law to look after the interests of infants, who are considered incapable of looking after their own affairs, to protect them from their own folly and improvidence, and to prevent adults from taking advantage of them” (City of New York v String fellow’s ofN.Y., 253 AD2d 110,120 [1999], Iv dismissed 93 NY2d 916 [1999]; see also 66 NY Jur 2d, Infants and Other Persons Under Legal Disability § 2).
Accordingly, it has been the common-law rule that infants are often deemed incompetent to act on their own behalf and that a parent or guardian must act for them. However, we note that there are exceptions to this rule. For example, a minor may enter into a contract which is enforceable as against the other party although the minor is generally permitted to disaffirm it (see Sternlieb v Normandie Natl. Sec. Corp., 263 NY 245, 247 [1934]). Moreover, legislation has been enacted which specifically deems infants competent under certain situations. For example, the Legislature enacted CPL 60.20 (2) so that a witness “more than nine years old may testify only under oath.” We note that since there is no specific legislative intent overriding the common law with regard to a minor’s general inability to consent, we adopt the rigorous standard enunciated in Pollock v Pollock (154 F3d 601 [1998], supra). We, therefore, find that the infant’s mother lawfully consented to the recording on behalf of her child, who was present during the conversation, without violating Penal Law § 250.05, since she demonstrated a good faith, objectively reasonable basis to believe that it was necessary for the welfare of her son to make said recording. However, we stress that our decision herein should not be interpreted as holding that a minor alone can never provide the requisite consent to record a conversation at which he or she *10 may be present or as permitting parents to tape any conversation involving their child (e.g. Matter of Berk v Berk, 70 AD2d 943 [1979]; Pica v Pica, 70 AD2d 931 [1979]).
Finally, an additional basis for the result reached is the fact that the victim herein was autistic and incapable of communicating. Autism is defined under Mental Hygiene Law § 1.03 (22) (a) (1) as a mental disability. There must be a balance between important competing public policy considerations of protecting those with disabilities from abuse and protecting citizens against eavesdropping. Under the common law, the welfare and safety of children has always been paramount. Under the law today, we hold that the same standard applies to persons with disabilities, such as involved herein.
In view of the foregoing, the order suppressing the evidence should be reversed and defendant’s motion denied.
Weston Patterson, J.P
(dissenting and voting to affirm the order in the following memorandum). It is well settled that in construing a statute, a court should attempt to effectuate the intent of the Legislature (see Majewski v Broadalbin-Perth Cent. School Dist, 91 NY2d 577 [1998]), and “not sit in review of the discretion of the Legislature or determine the expediency, wisdom or propriety of its action on matters within its powers” (People v Friedman, 302 NY 75, 79 [1950]; see People v Kupprat, 6 NY2d 88, 90 [1959]). The clearest indicator of legislative intent is the plain meaning of the statutory text (see Majewski, 91 NY2d at 583). The words employed by the Legislature must be given their natural, ordinary and obvious meanings (see Matter of Fappiano v New York City Police Dept., 95 NY2d 738 [2001]), and if the words of a statute have a definite meaning which involve no absurdity or contradiction, the court cannot add or take away from that meaning (Majewski, 91 NY2d at 583).
Here, the meaning of Penal Law § 250.05 is clear as written. A person is guilty of eavesdropping “when he unlawfully engages in . . . mechanical overhearing of a conversation.” “ ‘Mechanical overhearing’ of a conversation means the intentional overhearing or recording of a conversation or discussion, without the consent of at least one party thereto, by a person not present thereat, by means of any instrument, device or equipment” (Penal Law § 250.00 [2]). Thus, Penal Law § 250.05 prohibits the interception or recording of a conversation or discussion without the consent of a person who is a party thereto. Although the issue of whether a parent can consent to such recording on behalf of a child is one of first *11 impression, nothing in the statutory language or legislative history makes any provision for such consent. Had the Legislature intended the result proposed by the majority, it could have included such an exception in the statute. Accordingly, I am constrained by the statute’s plain language to disagree with the majority and vote to affirm the order below.
Golia and Belen, JJ., concur; Weston Patterson, J.P, dissents in a separate memorandum.