OPINION OF THE COURT
Memorandum.
On the court’s own motion, appeals consolidated for purposes of disposition.
Appeal from order entered May 30, 2006 dismissed as superseded.
Order entered January 31, 2007 reversed on the law and, upon granting the People’s motion for reargument, defendant’s motion to dismiss the accusatory instrument denied, accusatory instrument reinstated, and matter remanded to the court below for all further proceedings.
Defendant was charged by misdemeanor complaint dated November 22, 2005 with one count of reckless endangerment in the second degree (Penal Law § 120.20), two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), one count of reckless driving (Vehicle and Traffic Law § 1212), and one count of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]).
Upon a review of the record, we find that the court below erred in granting defendant’s motion to dismiss the accusatory instrument pursuant to CPL 30.30. More specifically, we find that the court erred in failing to exclude the time attributable to discovery by stipulation (DBS). CPL 30.30 (4) (a) provides: “In computing the time within which the people must be ready for trial . . . , the following periods must be excluded:
“(a) a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to: . . . demand to produce; request for a bill of particulars; pre-trial motions; . . . and the period during which such matters are under consideration by the court.”
In our view, DBS falls within the ambit of this subdivision. This *77 is particularly so because DBS is the functional equivalent of pretrial discovery and motion practice (see People v Khachiyan, 194 Misc 2d 161, 166 [Crim Ct, Kings County 2002]).
Here, the defense has not disputed that the parties proceeded by DBS. Indeed, were the defense to assert that it did not proceed by DBS, its position would be clearly belied by the record (cf. People v Salgado, 27 AD3d 71 [2006]). According to the record, defense counsel remained silent in the face of a statement by the court that the court was adjourning the case for the purpose of DBS. Had the court’s understanding that the parties were proceeding by DBS been incorrect, then defense counsel as much as the prosecutor would have had the obligation so to inform the court. Moreover, the record establishes that defense counsel subsequently accepted the DBS materials, thus further confirming that counsel had participated in DBS. Since the defense stipulated to the functional equivalent of pretrial discovery and motion practice, by virtue of CPL 30.30 (4) (a) “a reasonable period of delay resulting from [DBS]” must be excluded, and this is true despite the fact that the People had not yet converted the misdemeanor complaint during the period of time in question (see People v Worley, 66 NY2d 523 [1985]). We note that defendant has made no claim that the period of time in question, until January 20, 2006, was unreasonable. When this time is excluded, the People were ready well within the 90-day period prescribed by CPL 30.30 (1) (b).
We note that the count charging a violation of Vehicle and Traffic Law § 1192 (1) (driving while ability impaired) should not, in any event, have been dismissed. Driving while ability impaired, as charged here, is a traffic infraction (see Vehicle and Traffic Law § 1193 [1] [a]; see also People v Greer, 189 Misc 2d 310 [App Term, 9th & 10th Jud Dists 2001]), and CPL 30.30 does not apply to traffic infractions (see People v Taylor, 189 Misc 2d 313, 314 [App Term, 9th & 10th Jud Dists 2001]). Moreover, the dismissal on CPL 30.30 grounds of the misdemeanor charges did not warrant dismissal of the traffic infraction charge (see People v Kozoriz, 15 Misc 3d 141[A], 2007 NY Slip Op 51068[U] [App Term, 2d & 11th Jud Dists 2007]; People v Minor, 144 Misc 2d 846, 848 [App Term, 2d & 11th Jud Dists 1989]).
Weston Patterson, J.
(concurring in part and dissenting in part in the following memorandum). I concur in the majority’s consolidation of the appeals for the purposes of disposition and in its dismissal of the appeal from the May 30, 2006 order. I also concur with the majority that the Vehicle and Traffic Law § 1192 *78 (1) charge should not have been dismissed, as CPL 30.30 does not apply to traffic infractions (see People v Kozoriz, 15 Misc 3d 141 [A], 2007 NY Slip Op 51068DJ], *1 [App Term, 2d & 11th Jud Dists 2007]). However, I respectfully disagree with the majority’s reinstatement of the counts in the misdemeanor complaint which charged reckless endangerment in the second degree, driving while intoxicated and reckless driving, because the People have failed to establish that they were ready for trial within the applicable statutory period.
Where a defendant moves to dismiss on the ground that he was denied his statutory right to a speedy trial and makes a prima facie showing that the People have exceeded the trial readiness limitation, the burden shifts to the People to demonstrate that the delay was not chargeable to the People (see People v Suarez, 259 AD2d 640 [1999]).
Here, defendant was denied his statutory right to a speedy trial. It is undisputed that defendant was arraigned on a misdemeanor complaint on November 22, 2005 and notwithstanding the fact that the corroborating affidavit was not filed, the People announced ready. The corroborating affidavit and statement of readiness were not served and filed until February 28, 2006. There were three adjournments within this time period. The case was adjourned from November 22, 2005 until January 20, 2006. The reason stated for the adjournment was discovery by stipulation. However, there is no indication that defendant either stipulated or requested an adjournment for this purpose. The next adjournment was from January 20, 2006 until February 23, 2006. This adjournment was to afford the People the opportunity to provide the missing affidavit. On February 23, 2006 the case was adjourned to April 27, 2006 and the People were charged time until the corroborating affidavit was filed. The People filed the affidavit in the interim.
At issue on this appeal is whether or not the People are properly chargeable with the time periods from November 22, 2005 through January 20, 2006, and from that date until February 23, 2006.*
Pursuant to CPL 30.30 (1) (b), the People are required to be ready for trial within 90 days of the commencement of a criminal action where a defendant is charged with a class A misdemeanor. CPL 30.30 (4) (a) lists specific periods which must be *79 excluded when computing the People’s readiness. It provides in pertinent part that a reasonable period of delay resulting from a demand to produce or request for a bill of particulars is to be excluded. Contrary to the view of the majority, while discovery by stipulation may be the functional equivalent of discovery and motion practice, it is not a demand to produce or a demand for a bill of particulars. Rather, an adjournment for discovery by stipulation is an adjournment that has, as a necessary component, the consent of the defendant, and, therefore, it is a delay which must satisfy CPL 30.30 (4) (b) in order to be excluded.
It is well settled that in construing a statute, a court should attempt to effectuate the intent of the Legislature (see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577 [1998]), and “not sit in review of the discretion of the Legislature, or determine the expediency, wisdom or propriety of its action on matters within its powers” (People v Friedman, 302 NY 75, 79 [1950]; see People v Kupprat, 6 NY2d 88, 90 [1959]). The clearest indicator of legislative intent is the plain meaning of the statutory text (see Majewski, 91 NY2d at 583). The words employed by the Legislature must be given their natural, ordinary and obvious meanings (see Matter of Fappiano v New York City Police Dept, 95 NY2d 738 [2001]), and if the words of a statute have a definite meaning which involved no absurdity or contradiction, the court has no right to add or take away from that meaning (Majewski, 91 NY2d at 583).
While custom and practice may have developed wherein motion practice has been replaced by discovery by stipulation, the burden still rests upon the People to clarify on the record the basis for the adjournment (see People v Salgado, 27 AD3d 71 [2006]). It is well settled that in order for an adjournment to be on consent it must be clearly expressed (People v Liotta, 79 NY2d 841 [1992]). A defendant’s right to a speedy trial is not dependent in any fashion upon his readiness for trial (see People v Hall, 213 AD2d 558 [1995]). Thus, the defendant’s consent must expressly be on the record or documented in some fashion other than usual and customary practice to satisfy the rigors of CPL 30.30. The majority, in contravention of this authority, is shifting the burden to defendant to clarify on the record to whom time is being charged.
While the adjournments were stated by the court as for discovery by stipulation, in the absence of an express stipulation by defendant, the time period cannot be excluded. Initially, the case was adjourned without any comment or requests by *80 the defense. As for the subsequent adjournment, defense counsel specifically challenged the People’s assertion of readiness.
Thus, the counts in the misdemeanor complaint which charged reckless endangerment in the second degree, driving while intoxicated and reckless driving were properly dismissed.
While CPL 460.10 is satisfied by serving the notice of appeal upon the last attorney who appeared for the defendant, I am troubled by this manner of service in this case. The defendant in this case was represented by different attorneys at each stage of the proceeding. At arraignment, the Legal Aid Society represented defendant, then private counsel for three appearances, culminating in the dismissal of the complaint on 30.30 grounds, and, ultimately, for the motion to reargue, by an attorney who indicated she was assigned the case pursuant to article 18-B of the County Law because defendant could no longer afford private counsel. The 18-B counsel appeared only once, and successfully defeated the motion to reargue. It appears, under the circumstances presented, defendant’s due process rights are unprotected. As a result of this court’s decision, the case is being returned to Criminal Court without any actual notice to defendant, defendant not having been personally served with notice of this appeal and not having been represented by counsel on this appeal.
Pesce, EJ., and Golia, J., concur; Weston Patterson, J., concurs in part and dissents in part in a separate memorandum.

 The People concede that they are chargeable with the five days between February 23, 2006 and February 28, 2006 when the corroborating affidavit was finally served and filed.