■ In the Matter of RHINO ASSETS, LLC, et al., Appellants, v NEW YORK CITY DEPARTMENT FOR THE AGING (SCRIE PROGRAMS), Respondent. [876 NYS2d 20]—

Judgment, Supreme Court, New York County (Karen S. Smith, J.), entered December 28, 2007, dismissing the petition to compel disclosure of documents under the Freedom of Information Law (FOIL) relating to certain tenants receiving benefits under the Senior Citizens Rent Increase Exemption (SCRIE) program, unanimously affirmed, without costs.

Respondent met its burden of "articulating a particularized and specific justification" (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]) for denying access to the requested documents on the grounds that disclosure would constitute an "unwarranted invasion of personal privacy" of the named tenants and members of their households (Public Officers Law § 87 [2] [b]; § 89 [2] [b]). SCRIE benefits are available only to households headed by a tenant at least 62 years old, and in which total household income is less than a prescribed amount—$26,000 per year as of the date of the document request in 2006 (*see* RPTL 467-b [3] [a]; Administrative Code of City of NY § 26-405 [m] [2] [ii]; § 26-509 [b] [2] [ii]). Hence, the remedy of redacting financial information, proposed by petitioners on their administrative appeal, would not cure privacy concerns, inasmuch as disclosure of the documents, even redacted, would still permit the public to determine the general income level of the SCRIE tenants and members of their households. This very concern was expressed in a 1998 advisory opinion of the New York State Committee on Open Government (Comm on Open Govt FOIL-AO-10747 [1998]).

Petitioners' argument that their FOIL request should be granted because they are already entitled to know the identities of members of the tenants' households under the Rent Stabilization Law (*see* Rent Stabilization Code [9 NYCRR] § 2523.5 [e]) is unavailing, since FOIL requests are analyzed from the perspective of the general public (*see Matter of John P. v Whalen*, 54 NY2d 89, 99 [1981]). Therefore, the fact that petitioners already know the identities of the subjects of the FOIL requests is irrelevant in assessing privacy concerns generated by the requests (*see Matter of Fappiano v New York City Police Dept.*, 95 NY2d 738, 748 [2001]).

Given the highly specific nature of petitioners' requests for all documents relating to individually named tenants, it is questionable whether privacy concerns could be satisfied by redacting the files to eliminate all identifying information under Public Officers Law § 89 (2) (c) (i). In any event, in light of petitioners' stipulation at the invitation of Supreme Court that they "do not desire to supplement the record of these proceedings," there is no basis on the record before us to remand for further consideration of this issue. In so stipulating, petitioners "chart[ed] their own procedural course" and fixed the record upon which this matter must be decided (*see Kass v Kass*, 91 NY2d 554, 568 n 5 [1998]). Concur—Tom, J.P., Mazzarelli, Nardelli, Catterson and Moskowitz, JJ.