OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, on the law, the branch of defendant’s motion seeking to dismiss, in furtherance of justice, the counts of the accusatory instrument charging defendant with traffic infractions is denied, those counts of the accusatory instrument are reinstated, and the matter is remitted to the Criminal Court for all further proceedings.
Defendant was initially charged in a single accusatory instrument with two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), driving in the opposite direction of a one-way roadway (Vehicle and Traffic Law § 1127 [a]), unlicensed operator (Vehicle and Traffic Law § 509 [1]) and public consumption of alcohol (Administrative Code of City of NY § 10-125 [b]). Defendant moved to dismiss the accusatory instrument based on statutory speedy trial grounds (see CPL 30.30). In an order dated October 13, 2010, the Criminal Court (Gilbert C. Hong, J.) granted defendant’s motion to the extent of dismissing both counts of driving while intoxicated and the count charging defendant with public consumption of alcohol. The remaining traffic infractions, however, were not dismissed, as the court held that CPL 30.30 does not apply to traffic infractions.
Thereafter, defendant moved to dismiss the remaining counts of the accusatory instrument on constitutional speedy trial grounds or in furtherance of justice. The Criminal Court (John H. Wilson, J.) denied the branch of defendant’s motion which *37 was based on an alleged violation of his constitutional right to a speedy trial but granted the branch of his motion seeking dismissal in furtherance of justice (31 Misc 3d 720 [2011]). The court stated that since CPL 30.30 (5) “reveals no exception which would allow the maintenance of traffic infraction charges after the misdemeanor charges have been dismissed pursuant to CPL 30.30 (1) (b) . . . the People are bound by the 90-day time limitation of the higher charge” (id. at 726).
We find that the Criminal Court abused its discretion in granting the branch of defendant’s motion seeking to dismiss, in furtherance of justice, the remaining counts of the accusatory instrument (see CPL 170.30 [1] [g]; 170.40). “The discretionary authority to dismiss ... in furtherance of justice . . . should be exercised sparingly and only in those rare cases where there is a compelling factor which clearly demonstrates that prosecution . . . would be an injustice” (People v Candelaria, 50 AD3d 913, 913 [2008] [citations omitted]). The case before us is not one of these rare cases.
It is well settled that in construing a statute, a court should attempt to effectuate the intent of the legislature (see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577 [1998]) and “not sit in review of the discretion of the Legislature or determine the expediency, wisdom or propriety of its action on matters within its powers” (People v Friedman, 302 NY 75, 79 [1950]; see People v Kupprat, 6 NY2d 88, 90 [1959]). The clearest indicator of legislative intent is the plain meaning of the statutory text (see Majewski, 91 NY2d at 583). The words employed by the legislature must be given their natural, ordinary and obvious meaning (see Matter of Fappiano v New York City Police Dept., 95 NY2d 738 [2001]), and if the words of a statute “have a definite meaning, which involves no absurdity or contradiction . . . courts have no right to add to or take away from that meaning” (Majewski, 91 NY2d at 583).
CPL 170.30 (1) (e) provides that a court may dismiss an accusatory instrument or any count thereof upon the ground that defendant has been denied his right to a speedy trial. “ ‘The clear import of the statutory language is that the People’s failure to timely proceed on one count of an accusatory instrument does not necessarily adhere to the remaining counts upon which the People could be ready for trial’ ” (People v Gray, 7 Misc 3d 127[A], 2004 NY Slip Op 51864[U], *2 [App Term, 2d Dept, 2d & 11th Jud Dists 2004], quoting People v Minor, 144 Misc 2d 846, 848 [App Term, 2d Dept, 2d & 11th Jud Dists 1989], lv *38 denied 74 NY2d 666 [1989]; see People v Dorilas, 19 Misc 3d 75 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). Speedy trial computations, as a matter of course, often involve distinct considerations with respect to individual counts of a single accusatory instrument (Minor, 144 Misc 2d at 848). Since “CPL 30.30 does not apply to traffic infractions” (see Dorilas, 19 Misc 3d at 77; People v Kozoriz, 15 Misc 3d 141[A], 2007 NY Slip Op 51068[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]), the Criminal Court erred in granting the branch of defendant’s motion seeking to dismiss, in furtherance of justice pursuant to CPL 170.30 (1) (g), the counts of the accusatory instrument charging the traffic infractions.
Accordingly, the order insofar as appealed from, is reversed, the branch of defendant’s motion seeking to dismiss, in furtherance of justice, the counts of the accusatory instrument charging defendant with traffic infractions is denied, those counts of the accusatory instrument are reinstated, and the matter is remitted to the Criminal Court for all further proceedings.
Rios, J.P, Pesce and Aliotta, JJ., concur.