Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 13, 1995, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree (two counts) and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 412/s years, unanimously affirmed.
Defendant did not preserve his argument that the court’s jury instruction on the theory of transferred intent (see People v Fernandez, 88 NY2d 777, 781-782 [1996]) constructively amended an indictment only charging direct intent to kill three named persons. This is a claim requiring preservation (People v Duncan, 46 NY2d 74, 80 [1978], cert denied 442 US 910 [1979]; People v Hernandez, 273 AD2d 176 [1st Dept 2000], lv denied 95 NY2d 890 [2000]; People v Udzinski, 146 AD2d 245 [2d Dept 1989], lv denied 74 NY2d 853 [1989]; see also People v Ford, 62 NY2d 275 [1984]), and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. There is no reasonable possibility that the jury convicted defendant, on any count, on a transferred intent theory (see People v Grega, 72 NY2d 489, 496 [1988]). The proof and arguments presented by the People at trial did not vary from the allegations of the indictment, and there was no evidence to support a *627 transferred intent theory. Furthermore, defendant only contested the element of identity and raised no issues regarding intent. Contrary to defendant’s argument, the nature of the defense is highly relevant to the issue of prejudice here, because it tends to minimize the possibility that the jury convicted defendant on an improper theory (see e.g. People v Buanno, 296 AD2d 600, 601 [3d Dept 2002], lv denied 98 NY2d 695 [2002]).
Defendant did not preserve his argument that the court improperly participated in the examination of witnesses (see People v Charleston, 56 NY2d 886, 887-888 [1982]), and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. The court did not take on either the function or appearance of an advocate or suggest to the jury that it had any opinion. To the extent that any of the court’s interventions were inappropriate, they were not so egregious as to affect the verdict or deprive defendant of a fair trial (see People v Arnold, 98 NY2d 63, 67 [2002]; People v Moulton, 43 NY2d 944 [1978]), particularly in light of the court’s jury charge. Furthermore, there was overwhelming evidence of guilt.
Defendant’s ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not fully explained by the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of his claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel’s alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
We perceive no basis for reducing the sentence. Concur— Friedman, J.P, Sweeny, Acosta and Manzanet-Daniels, JJ.