■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUNA KING, Appellant. [984 NYS2d 9]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered September 8, 2010, as amended February 9, 2011, convicting defendant, after a jury trial, of assault in the second degree (two counts), reckless endangerment in the first degree, criminal possession of a forged instrument in the second degree, identity theft in the second degree, and assault in the third degree, and sentencing her, as a second felony offender, to an aggregate term of 9 to 12 years, unanimously affirmed.

Defendant challenges the sufficiency and weight of the evidence supporting her reckless endangerment and possession of a forged instrument convictions. Defendant's legal sufficiency claims are unpreserved and we decline to review them in the

interest of justice. As an alternative holding, we reject them on the merits. We also reject defendant's argument that these verdicts were against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Initially, we find no basis for disturbing any of the jury's credibility determinations.

With respect to reckless endangerment, defendant's depraved indifference to human life was established by evidence that while fleeing from the police by car after committing other crimes, defendant violated various traffic laws, struck multiple cars and two people, including a police officer in her path, and nearly struck additional pedestrians and cars before being forced by traffic to stop (*see e.g. People v Tart*, 305 AD2d 137 [1st Dept 2003], *lv denied* 100 NY2d 624 [2003]). Unlike the defendant in *People v Prindle* (16 NY3d 768 [2011]), which also involved a high speed chase, this defendant made no effort to avoid hitting persons and vehicles; instead, she continued her grossly reckless driving even after she knocked a pedestrian into the air and was well aware that she was endangering people's lives (*see People v Heidgen*, 22 NY3d 259, 276 [2013]; *People v Gomez*, 65 NY2d 9, 12 [1985]).

With respect to possession of a forged instrument, the evidence established defendant's accessorial liability for possession of a forged driver's license recovered from the codefendant (*see* Penal Law § 20.00). The evidence supports the conclusion that the forged license, used in an effort to steal merchandise, was an instrumentality of a joint criminal enterprise involving both defendants and was thus jointly possessed by both of them (*see e.g. Matter of Kadeem W.*, 5 NY3d 864 [2005]; *People v Ramos*, 59 AD3d 269 [1st Dept 2009], *lv denied* 12 NY3d 858 [2009]).

The court properly exercised its discretion in imposing reasonable limits on defendant's cross-examination of the People's witnesses (*see People v Corby*, 6 NY3d 231, 234-235 [2005]). Defendant received sufficient latitude in which to impeach the credibility of police and medical witnesses. Since defendant never asserted a constitutional right to pursue any precluded lines of inquiry, her constitutional claim is unpreserved (*see People v Lane*, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

Although, in explaining the elements of second-degree identity theft, the court incorrectly described attempted fourth-degree grand larceny as a felony, when in fact it is a misdemeanor, this could not have prejudiced defendant. Under the circumstances of the case, an attempt to commit fourth-degree grand larceny

would satisfy the requirements of Penal Law § 190.79 (3), and there is no reasonable possibility that the jury convicted defendant of identity theft on an improper theory (*see People v Whitecloud*, 110 AD3d 626 [1st Dept 2013]).

Defendant did not preserve her remaining arguments concerning the court's charge, including those relating to its instruction on depraved indifference, or any of her challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Mazzarelli, J.P., Sweeny, Andrias, Manzanet-Daniels and Kapnick, JJ.