THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BADALAMENTI, Appellant. [1 NYS3d 242]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Peck, J.), rendered November 4, 2009, convicting him of assault in the second degree (three counts), criminal possession of a weapon in the fourth degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions of assault in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of three counts of assault in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that the trial court erroneously admitted into evidence a recording, made by the father of the infant victim, of a conversation between the defendant and the child. On May 6, 2008, the infant's father called the infant's mother's cell phone, and the mother pressed the answer button,

but did not speak. While the father was on the line, but not engaged in any telephone conversation, he overheard the defendant berating and threatening the infant, and the infant responding. The father recorded the conversation between the defendant and the infant. The defendant contends that this recording violated Penal Law § 250.05 because neither the defendant nor the infant consented to the recording.

Penal Law § 250.05 provides, in pertinent part, that "[a] person is guilty of eavesdropping when he [or she] unlawfully engages in . . . mechanical overhearing of a conversation." Penal Law § 250.00 (2) defines "mechanical overhearing of a conversation" as "the intentional overhearing or recording of a conversation or discussion, without the consent of at least one party thereto, by a person not present thereat, by means of any instrument, device or equipment." CPLR 4506 bars the use of eavesdropping evidence obtained by private individuals in violation of Penal Law § 250.05 (*see People v Capolongo*, 85 NY2d 151, 158-159 [1995]), as there is a strong public policy of protecting citizens against eavesdropping (*id.* at 160).

However, in *Pollock v Pollock* (154 F3d 601 [6th Cir 1998]), the United States Court of Appeals for the Sixth Circuit recognized a "vicarious consent" exemption to the federal wiretap statute (18 USC § 2511), and held that when a parent or guardian can demonstrate a "good faith, objectively reasonable basis" to believe that it "was necessary for the welfare of the child" to record a conversation, a parent may consent to the recording on the child's behalf and be exempt from liability under the federal wiretap statute (*Pollock v Pollock*, 154 F3d at 610; *see also Thompson v Dulaney*, 838 F Supp 1535, 1545 [D Utah 1993]).

The New York eavesdropping statute is similar to the federal wiretap statute, in that both statutes require consent from at least one party to the conversation for the recording to be lawful (*compare* Penal Law § 250.05 *with* 18 USC § 2511 [2] [d]). Many state courts with similar eavesdropping or wiretap statutes that have confronted this issue have also recognized a "vicarious consent" exemption (*see Griffin v Griffin*, 92 A3d 1144, 2014 ME 70 [2014]; *Commonwealth v F.W.*, 465 Mass 1, 986 NE2d 868 [2013]; *State v Whitner*, 399 SC 547, 732 SE2d 861 [2012]; *State of Iowa v Spencer*, 737 NW2d 124 [Iowa 2007]; *Allen v Mancini*, 170 SW3d 167, 173 [Tex App, 11th Dist 2005]; *Smith v Smith*, 923 So 2d 732 [La Ct App, 1st Cir 2005]; *State of Arizona v Morrison*, 203 Ariz 489, 491, 56 P3d 63, 65 [Ct App, Div 1 2002]; *D'Onofrio v D'Onofrio*, 344 NJ Super 147, 780 A2d 593 [2001]; *Silas v Silas*, 680 So 2d 368 [Ala Civ App

1996]). Consistent with this authority, the Appellate Term, Second Department, also recognized a "vicarious consent" exemption to New York's eavesdropping statute in *People v Clark* (19 Misc 3d 6 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]), relying on the common-law rule that infants are often deemed incompetent to act on their own behalf, and that a parent or guardian must act for them.

While, as we have noted, Penal Law § 250.05 serves the strong public policy goal of protecting citizens from eavesdropping, we are not persuaded that the New York Legislature intended to subject parents to criminal penalties when, "out of concern for the best interests of their minor child, they record that child's conversations" (*State of Iowa v Spencer*, 737 NW2d at 134). Given the similarity between the federal wiretap statute and New York's eavesdropping statute, and recognizing that the "vicarious consent" exemption is rooted on a parent's need to act in the best interests of his or her child (*see D'Onofrio v D'Onofrio*, 344 NJ Super at 156, 780 A2d at 598), we deem it appropriate to adopt it as an exemption to Penal Law § 250.05.

Here, the People sufficiently demonstrated that the father had a "good faith, objectively reasonable basis to believe" that it was necessary for the welfare of the infant to record the conversation (*Pollock v Pollock*, 154 F3d at 610), such that he could consent to the recording on the infant's behalf (*see People v Clark*, 19 Misc 3d at 7-8; *see also Pollock v Pollock*, 154 F3d at 610; *Thompson v Dulaney*, 838 F Supp at 1545). Accordingly, the "vicarious consent" exemption applies, and admission of the subject recording was not barred by CPLR 4506.

The prosecutor made improper comments during summation, suggesting that the mother would not have "put [the defendant] through this arrest, indictment, a trial, a jury," if he had not participated in the assault against the infant. Since the mother never gave any testimony against the defendant, and did not initiate the arrest or prosecution of the defendant, the prosecutor's comments were not supported by the record, and were, indeed, misleading. Even so, those comments did not deprive the defendant of a fair trial since the trial court immediately sustained the defendant's objection to them, and struck them from the record (*see People v Ashwal*, 39 NY2d 105, 111 [1976]). The jury is presumed to have followed the trial court's instructions (*see People v Baker*, 14 NY3d 266, 274 [2010]).

The other challenged comments by the prosecutor were fair comment on the evidence with the reasonable inferences to be drawn therefrom, were responsive to defense counsel's summa-

tion, or otherwise did not deprive the defendant of a fair trial (*see People v Ashwal*, 39 NY2d at 109-110; *People v Hawley*, 112 AD3d 968, 969 [2013]).

The defendant's claim of ineffective assistance of counsel due to his attorney's failure to call certain individuals to testify is based, in part, on matter appearing on the record, and in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824, 825 [1981]; *People v Brown*, 45 NY2d 852, 853-854 [1978]). "Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety" (*People v Addison*, 107 AD3d 730, 732 [2013]; *People v Freeman*, 93 AD3d 805, 806 [2012]).

Any "variance between the trial judge's charge to the jury, on the one hand, and the allegations of an indictment, on the other, may be considered harmless where there is no possibility that the jury premised its determination of guilt upon a theory not contained in the indictment" (*People v Udzinski*, 146 AD2d 245, 261 [1989]). Since, in this case, "under no rational view of the evidence" could the jury have convicted the defendant based upon any uncharged theory, the error concerning the charge was harmless (*id.* at 262; *see People v King*, 116 AD3d 424 [2014]; *People v Whitecloud*, 110 AD3d 626, 626-627 [2013]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Eng, P.J., Dillon, Duffy and Barros, JJ., concur.