People v Harvey (2022 NY Slip Op 50932(U))

[*1]

People v Harvey (Calvin)

2022 NY Slip Op 50932(U) [76 Misc 3d 134(A)]

Decided on September 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREÉ A.
BUGGS, JJ

2020-1009 K CR

The People of the State of New York,
Appellant,
against
Calvin Harvey, Respondent. 

Kings County District Attorney (Leonard Joblove and Ann Bordley of counsel), for appellant.
New York City Legal Aid Society (Rachel L. Pecker and Lawrence Hausman of counsel), for
respondent.

Appeal from an order of the Criminal Court of the City of New York, Kings County
(Michael D. Kitsis, J.), rendered November 6, 2020. The order, following defendant's guilty
verdict, after a nonjury trial, of driving while ability impaired, set aside the guilty verdict and
granted defendant's motion to dismiss the accusatory instrument on the ground that his CPL
30.30 statutory right to a speedy trial had been violated.

ORDERED that the order is reversed, on the law, defendant's motion to dismiss the
accusatory instrument on statutory speedy trial grounds is denied, the accusatory instrument and
guilty verdict are reinstated, and the matter is remitted to the Criminal Court for sentencing.
Insofar as is relevant to this appeal, in 2018, defendant was charged in a single accusatory
instrument with numerous misdemeanors and violations, as well as with the traffic infraction of
driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). In September 2019,
defendant moved to dismiss the accusatory instrument on the ground that his constitutional
(see CPL 30.20) and statutory (see CPL 30.30) rights to a speedy trial had been
violated. By order dated November 1, 2019, the Criminal Court (Elizabeth N. Warin, J.)
dismissed all charges, except for the traffic infraction of driving while ability impaired, on
statutory speedy trial grounds, and found that defendant's constitutional right to a speedy trial had
not been violated. [*2]The People subsequently filed a
prosecutor's information which solely charged defendant with driving while ability impaired. In
December 2019, defendant moved for leave to reargue his statutory speedy trial motion, which
motion the Criminal Court orally denied. A bench trial subsequently commenced on December
12, 2019. In January 2020, during trial, defendant filed a second motion to dismiss the accusatory
instrument on the ground that his constitutional and statutory rights to a speedy trial had been
violated. By order dated February 25, 2020, the Criminal Court (Michael D. Kitsis, J.) denied the
motion. The trial was then delayed due to the COVID-19 pandemic.
In September 2020, defendant filed a third motion to dismiss the accusatory instrument on
the ground that his statutory right to a speedy trial had been violated, which motion the People
opposed. The trial recommenced virtually and, on November 6, 2020, after finding defendant
guilty of driving while ability impaired, the Criminal Court (Michael D. Kitsis, J.) set aside the
verdict and granted defendant's statutory speedy trial motion, stating that it was bound by this
court's holding in People v Galindo
(70 Misc 3d 16 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). The People
appeal.
At the outset, we note that a CPL 30.30 statutory speedy trial motion should be made prior to
the commencement of trial (see CPL 170.30 [1] [e], [2]); however, the People do not
address this issue on appeal. In any event, in People v Galindo (38 NY3d 199, 206-207 [2022]), the Court of
Appeals reversed this court's order and held, while addressing the newly enacted CPL 30.30 (1)
(e), that the 2020 amendments to CPL 30.30 are not to be applied retroactively but, rather, apply
only to actions commenced after January 1, 2020, the effective date of the amendments. Prior to
the 2020 amendments, it was well settled that a defendant had no statutory right to a speedy trial
for a traffic infraction (see People v O'Halloran, 40 Misc 3d 133[A], 2013 NY Slip Op
51142[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Graham, 39 Misc 3d 35
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Thomas, 26 Misc 3d 144[A], 2010 NY Slip Op 50441[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Since the accusatory instrument in
the case at bar predates the 2020 amendments, statutory speedy trial time does not apply to the
traffic infraction. 
Accordingly, the order is reversed, defendant's motion to dismiss the accusatory instrument
on statutory speedy trial grounds is denied, the accusatory instrument and guilty verdict are
reinstated, and the matter is remitted to the Criminal Court for sentencing.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 23, 2022