THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. EDWARDS, Appellant.

Fourth Department, November 3, 1978

**APPEARANCES OF COUNSEL**

*John E. Tyo* for appellant.

*James R. Harvey* for respondent.

### OPINION OF THE COURT

SCHNEPP, J.

This is an appeal from a judgment convicting the defendant after a jury trial of murder in the second degree (Penal Law, § 125.25). On February 18, 1977 the fully clothed and unmolested body of the victim, Ms. Audrey Jones, was found near a hedgerow in a field one mile from the Town of Phelps. Defendant confessed that on the afternoon of February 17, 1977 he was "hunting" with a .22 caliber rifle in a wooded area behind his apartment and fired several shots at his unknown victim, who was walking through the snow some distance away. After she fell, the defendant fired two more shots at close range into her head. No motive was given for the crime. At trial, defense pyschiatrists testified that the defendant lacked any emotion or feeling during the incident. They attributed his condition to his documented history of drug abuse which included the use of "LSD", marihuana, "speed" and barbiturates. Defendant maintains that the trial court erred in refusing to charge "extreme emotional disturbance" as an affirmative defense to murder in the second degree and a mitigating circumstance reducing murder to manslaughter in the first degree as a lesser included offense (Penal Law, §§ 125.25; 125.20, subd 2). He argues that his emotionless condition equates to an "extreme emotional disturbance".

■ Since there is no proof that the defendant was exposed to any unusual stress and the common consensus of the psychiatrists is that he had no feeling or emotion when he fired the rifle, no "reasonable view of the evidence" merits a charge of the affirmative defense "extreme emotional disturbance" or the lesser offense of manslaughter in the first degree (CPL 300.50; *People v Shelton*, 88 Misc 2d 136; 8 Zett, NY Crim Prac, par 69.2[2] [b] [i]). In its charge to the jury the trial court compared drugs to alcohol and noted that intoxication neither excuses nor mitigates the offense but it may lessen the defendant's power to intend. It charged that the defendant's drug use could be of "such character that it prevented him from forming the particular intent which was the necessary element of murder". The trial court committed no error in refusing defendant's request to charge.

A *drug induced emotionless condition does not constitute an* "extreme emotional disturbance". Proof of the accused's drug abuse is relevant to his ability to form a specific intent, but

standing alone it is inapposite to "extreme emotional disturbance".

Defendant also argues that the court committed reversible error in failing to grant his motion for a mistrial based upon the interruption of the trial process. On September 6, 1977 the court reconvened after a weekend recess and counsel delivered summations to the jury. The court then commenced its charge to the jury, but suddenly recessed. The Trial Judge twice again attempted to charge the jury, but found that he was unable to continue because of his illness and adjourned the court until the following morning. However, the Trial Judge's illness lingered and the court did not reconvene until September 9, 1977. At this time defendant moved for a mistrial pursuant to CPL 280.10 (subd 3) on the grounds that the trial process had been unduly interrupted at a critical stage of the proceedings. The court reserved decision on defendant's motion and then questioned the members of the jury individually. It asked whether they had read or listened to or viewed any news media accounts of the trial and whether they could recollect the testimony of the witnesses and the arguments of the lawyers. Having been assured that the jurors had not come into contact with any news media accounts of the trial and that their recollection was intact, the court proceeded to charge the jury. At the close of the charge, the defendant renewed his motion for a mistrial which the court then denied.

■ CPL 280.10 provides in part: "At any time during the trial, the court must declare a mistrial and order a new trial of the indictment under the following circumstances: * * * 3. Upon motion of either party or upon the court's own motion, when it is physically impossible to proceed with the trial in conformity with law." Although there was a delay of three days between summations and the court's charge because of the Trial Judge's temporary infirmity, there was no indication of a physical impossibility to proceed with the trial and defendant's motion was properly denied. The Trial Judge's individual questioning of the jurors revealed that the defendant was not prejudiced by the delay.

The judgment should be affirmed.

MOULE, J. P., CARDAMONE, DILLON and HANCOCK, JR., JJ., concur.

Judgment unanimously affirmed.