OPINION OF THE COURT
David B. Saxe, J.
Does section 50-b of the Civil Rights Law permit a defendant, sued in a tort action arising out of a sexual assault for failing to provide adequate security upon the premises where the sexual assault took place, to inspect a New York City Police Department investigative report pertaining to the incident?
It appears that on May 4,1983, the infant plaintiff in the tort action was on a school trip to New York City and was assaulted and sexually molested by an individual at the premises owned by petitioner. A lawsuit was begun against the school district and petitioner. The allegations of negligence directed against the Rockefeller Center defendants are that they provided inadequate security to the public.
Rockefeller Center and its codefendant contend that it is necessary for them to obtain the Police Department’s investigation file and report in order to prepare a defense to the tort action.
*198 Section 50-b of the Civil Rights Law became effective on September 1, 1979. Its purpose is clearly stated in the first sentence of the first subdivision. “1. The identity of any victim of a sex offense, as defined in article one hundred thirty of the penal law, who was under the age of eighteen at the time of the alleged commission of such offense, shall be confidential.” (Civil Rights Law, § 50-b, subd 1.) The subdivision goes on to prohibit disclosure by any public officer of any material in the possession of that public officer which identifies the victim. Exceptions to that prohibition against disclosure are set out in subdivision 2 of section 50-b of the Civil Rights Law. For example, the person charged with the sex crime is not prohibited from inspecting the material (Civil Rights Law, § 50-b, subd 2, par a). And, neither is “[a]ny person who, upon application to a court having jurisdiction over the alleged sex offense, demonstrates to the satisfaction of the court that good cause exists for disclosure to that person.” (Civil Rights Law, § 50-b, subd 2, par b.)
The tort defendant Rockefeller Center (along with its codefendant Herricks Union Free School District) have persuaded me that they require an inspection of the Police Department’s investigative report in order to prepare their respective defense. They have properly made this application on notice to the parents of the infant plaintiff and all other parties set out in the statute (Civil Rights Law, § 50-b, subd 2, par b). They are “persons” within the meaning of the term used in the statute.
A succeeding subdivision (Civil Rights Law, § 50-b, subd 3) provides that “The court having jurisdiction over the alleged sex offense may order any restrictions upon disclosure authorized in subdivision two of this section, as it deems necessary and proper to preserve the confidentiality of the identity of the victim.” But, since the victim has chosen to sue in a civil action, there is no identity to keep from being disclosed. Nevertheless, the court, without first examining the contents of the file, should not permit blanket disclosure.
Accordingly, the respondent is directed to make copies of its investigative file kept and prepared in connection with the sexual assault made upon the infant plaintiff, available for inspection first by this court in chambers (room 554 at 111 Centre Street, New York, New York 10013) on November 15, 1984, at 3:00 p.m. After such inspection, counsel for the petitioner here may inspect and copy the file, as determined upon inspection by the court.