■ In the Matter of RADIO CITY MUSIC HALL PRODUCTIONS, INC., Appellant. NEW YORK CITY POLICE DEPARTMENT, Respondent.—Order, Supreme Court, New York County (Saxe, J.), entered on or about December 12, 1984, which granted petitioners only partial discovery of investigation reports maintained by the New York City Police Department, affirmed, without costs.

The salient facts are set forth in the dissent.

After reviewing the police records in camera, Special Term made them available to petitioners, redacting only the names and statements of confidential police witnesses and the name of a suspect identified by the infant victim from police photographs. We have also had the opportunity to review the police records.

The Freedom of Information Law (Public Officers Law § 87 [2] [e] [i], [iii]) exempts from disclosure materials compiled for law enforcement purposes which, if disclosed, would interfere with law enforcement investigations, identify a confidential source, or disclose confidential information relating to a criminal investigation. It is apparent from an examination of the police records that the matters redacted by Special Term fall squarely within these stated exemptions. A remand should not, in any event, produce a different result.

The issue is not academic. The crime is a felony (Penal Law § 130.50) which allegedly occurred on May 4, 1983. Thus, the Statute of Limitations has not yet run (CPL 30.10 [2] [b]). A suspect has been identified. Prosecution is altogether possible.

The procedure followed by Special Term, in camera inspection, is precisely that which the Court of Appeals approved for proceedings under the Freedom of Information Law in *Matter of Farbman & Sons v New York City Health & Hosps. Corp.* (62 NY2d 75, 83 [1984]), wherein it stated: "The proper procedure for reaching a determination is the *in camera* inspection ordered by Special Term. (See *Church of Scientology v State of New York,* 46 NY2d 906, 908.)"

The court, as noted, correctly applied the standards of the Freedom of Information Law and followed the procedure appropriate under it. In the circumstances, we cannot assume that the experienced Judge had failed to consider that law, simply because the parties had not fully delineated it in their papers.

It further appears that petitioners' CPLR article 78 proceeding would have been premature, even had it been brought under the Freedom of Information Law, since they failed to exhaust their administrative remedies prior to instituting it (CPLR 7801 [1]). The Freedom of Information Law requires an administrative appeal of a denial of access to records prior to the institution of an article 78 proceeding. (Public Officers Law § 89 [5] [c] [1], [2]; [d].) Concur—Sullivan, J. P., Ross, Asch and Rosenberger, JJ.

Wallach, J., dissents in a memorandum as follows:

My disagreement is not so much with the result reached by the majority as with the reaching of a result. In deciding that a portion of this police file was properly withheld from petitioners because exempt from disclosure under the Freedom of Information Law ([FOIL] Public Officers Law art 6), the majority overlooks that at no time in the proceedings before Special Term was FOIL even raised. FOIL was not invoked by peti-

tioners as the basis of their right to the file; it was not invoked by respondent as the basis of its right to withhold a portion of the file; it was not even invoked by Special Term as the basis of its decision to redact the file. Since special pleading requirements apply when a governmental agency takes the position that government records are exempt from disclosure under FOIL, we should go no further than to point out to the parties that it is FOIL that governs their legal relationship, and direct them to replead their respective causes with that in mind.

Petitioners are the owners of premises in New York County on which an abduction preceding a sex crime against a minor allegedly took place; respondent is the Police Department of the City of New York. The victim's mother instituted suit against petitioners in Nassau County where she resides, alleging negligent failure to provide adequate security. In that action petitioners, as party defendants, sought disclosure from respondent, as a nonparty witness, of its file concerning the incident. Though the victim's mother did not object to such disclosure, respondent refused to hand over the file, whereupon petitioners made a motion for an order compelling its production. In a one-sentence decision giving no reasons, the Nassau County Judge denied the motion without prejudice to petitioners making an application in New York County pursuant to Civil Rights Law § 50-b. That order has not been appealed, nor is the record underlying it before the court. Petitioners then instituted the instant proceeding against respondent, denominating it a CPLR article 78, claiming a need for the file in order to prepare their defense of the negligence action, and alleging the Nassau County order. Respondent did not serve an answer, but, in an affirmation in "partial opposition", argued that such portion of the file as would identify "witnesses, persons investigated or arrested as well as other information" should be kept confidential "for public interest and confidence in the Police Department". Special Term found Civil Rights Law § 50-b to be beside the point, but "nevertheless" concluded, without giving reasons, that there should not be "blanket disclosure" of the file without its contents first having been examined in camera. Upon completing this examination, Special Term directed disclosure of the file "exclusive of those sections setting forth the names of witnesses, witness statements and the identity of a suspect selected by infant plaintiff."

Petitioners appeal from that order, arguing that access to the file was restricted for reasons beyond any possible ration-

alization under Civil Rights Law § 50-b, and that Special Term, whatever its reasons, difficult to say since it gave none, was therefore "arbitrary". In response, respondent argues, among other things, that the Nassau County order granting petitioners leave to make an application pursuant to Civil Rights Law § 50-b was erroneous, and that any leave given to bring further proceedings should have designated FOIL as the applicable law. Such an argument (presented only in a footnote in respondent's brief), seeking review of the Nassau County order, not the New York County order from which this appeal is taken, is one this court should not be reluctant to take up. It is petitioners themselves who argue that the Nassau County order ascribing the parties' relationship to Civil Rights Law § 50-b is determinative of the outcome of the New York County proceeding; if that be so, it must be that the former necessarily affects the latter, and is thus reviewable within the context of this appeal (CPLR 5501 [a] [1]; *see, Adelphi Enters. v Mirpa, Inc.,* 33 AD2d 1019).

At issue, therefore, is whether Civil Rights Law § 50-b governs, in some measure, petitioners' right of access to the file. Civil Rights Law § 50-b, entitled "Right of privacy; victims of sex offenses", prohibits public employees from disclosing records which would tend to identify a victim of a sex offense who is under the age of 18. There are several exceptions to this prohibition against disclosure, such as one in favor of the person accused of the sex offense (Civil Rights Law § 50-b [2] [a]), and including one in favor of "[a]ny person" upon a showing of "good cause" to the court having jurisdiction over the sex offense (Civil Rights Law § 50-b [2] [b]). The term "any person" is plainly synonymous with the public. Therefore, the relationship of Civil Rights Law § 50-b to FOIL is as an instance of a statute "specifically exempt[ing]" certain records from disclosure (Public Officers Law § 87 [2] [a]); its effect is to superimpose upon FOIL a requirement that good cause for disclosure be shown when records which would tend to identify a minor victim of a sex offense are sought by a member of the public, i.e., by "any person" not specifically exempted from the general prohibition against disclosure.

It is public policy that government records be available for public inspection. FOIL fixes the scope of this policy *(Matter of Doolan v Board of Coop. Educ. Servs.,* 48 NY2d 341, 347), and provides the procedure for its implementation as well *(Moussa v State of New York,* 91 AD2d 863). Thus, the "application" adverted to in Civil Rights Law § 50-b (2) (b), by which records identifying a minor as a sex crime victim may be made

available for inspection to any person upon good cause shown to the court having jurisdiction over the sex offense, is one to be brought pursuant to FOIL, as is the case whenever a member of the public seeks access to government records.

That Civil Rights Law § 50-b does not impede petitioners' access to the file is virtually conceded, as well it might be given that the victim's identity had become known to the public by virtue of the negligence action that was instituted on his behalf, and given that the victim's mother did not object, and therefore should be deemed to have consented to the disclosure of the file when its production was sought by motion in the negligence action (cf. Civil Rights Law § 50-b [2] [c], allowing disclosure to any person upon written consent of the person legally responsible for the care of the victim). Nor is there any suggestion from respondent that petitioners' defense of the negligence action does not constitute good cause for disclosure of the file to them. In short, no controversy exists under Civil Rights Law § 50-b, and the reference that was made thereto in the Nassau County order was inapt.

Thus, the effect of the Nassau County order denying petitioners the file "without prejudice" to their "making application to the Supreme Court, New York County, in accordance with the provisions of Civil Rights Law § 50-b", was to grant petitioners leave to bring an unviable proceeding, i.e., one other than in accordance with FOIL. Nevertheless, when such a proceeding was brought, respondent took no exception thereto; indeed, it did not even serve an answer, let alone move to dismiss. At best, all it did was conclusorily assert the common-law public interest privilege, a superfluity since the enactment of FOIL (see, Matter of Doolan v Board of Coop. Educ. Servs., supra; Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 566-567).

Special Term had before it, therefore, a petition raising an inapt statute, and opposition raising an inapt defense. Casting all aside, Special Term undertook to protect the confidentiality of this law enforcement file, a policy objective clearly discernible upon the most cursory reading of FOIL (Public Officers Law § 87 [2] [e]). In so doing, Special Term may not have stated its reasons, but its instincts were correct. Petitioners' right to the file is governed by FOIL, not Civil Rights Law § 50-b, and any proceeding brought to vindicate those rights, regardless of label, should be subject to the defenses contained in FOIL.

It is one thing, however, to recognize the applicability of

FOIL, and quite another to go ahead and actually apply it in the absence of pleadings adequate to frame the pertinent issues of fact. As petitioners argue in their reply brief, even if it is true that their right to the file is governed by FOIL, not Civil Rights Law § 50-b, respondent's conclusory assertion of a public interest privilege was not, in any event, under FOIL standards, a sufficiently detailed statement of the reasons why the file should be kept confidential. In opposing a FOIL application, an agency "is required to articulate particularized and specific justification" for denying access to records *(Matter of Fink v Lefkowitz,* 47 NY2d 567, 571). Conclusory characterizations of the records sought as confidential in nature will not do; it is not enough for the agency simply to assert, as respondent did here, that the records are confidential, and then to offer them up for an in camera inspection. If it is respondent's contention that disclosure of the portion of the file withheld would "interfere with law enforcement investigations" or "identify a confidential source or disclose confidential information relating to a criminal investigation" (Public Officers Law § 87 [2] [e] [i], [iii]), facts tending to show as much must be tendered in the papers. Only then would there be a predicate for conducting an in camera inspection *(Church of Scientology v State of New York,* 46 NY2d 906, 908). But, this is a point petitioners are not well placed to make. If it is a properly pleaded FOIL-based defense petitioners want, they should first put forward a properly pleaded FOIL-based cause of action. A party cannot be said to have waived a defense unless it has been fairly apprised of the cause of action to which that defense would be interposed (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3018.18).

In rejecting petitioners' contention that they are entitled to the entire file because no basis exists under Civil Rights Law § 50-b for withholding any part of it, I am not unmindful of the general rule that issues not raised in the first instance are not reviewable on appeal. But this is a rule which "is far less restrictive than some case language would indicate. Thus, it has been said: 'if a conclusive question is presented on appeal, it does not matter that the question is a new one not previously suggested. No party should prevail on appeal, given an unimpeachable showing that he had no case in the trial court.' " *(Telaro v Telaro,* 25 NY2d 433, 439, quoting Cohen and Karger, Powers of the New York Court of Appeals, at 627-628.) Here, there is no indication in the briefs, nor is it apparent, that petitioners could have countered a properly raised defense that it is FOIL, not Civil Rights Law § 50-b,

which supplies their remedy, if any. Other considerations weigh in favor of first taking up the applicability of FOIL on appeal. The rights of third persons not before the court are implicated, namely, the witnesses and the suspect whose identities respondent would keep confidential *(see, Matter of Johnson Newspaper Corp. v Stainkamp,* 61 NY2d 958, 960). Also, the confidentiality of law enforcement files being a matter of public policy, it ought not to be compromised by incompetent representation, if such there was, or judicial error *(see, Matter of John P. v Whalen,* 54 NY2d 89, 97, n 4; *Doucet v Massachusetts Bonding & Ins. Co.,* 180 App Div 599, 602-603).

The parties were free to chart their own procedural course, the one disregarding and the other waiving the administrative review process called for in FOIL and the pleading and proof of facts in accordance therewith. Special Term, however, unless constrained by law of the case, was not obliged to follow this course into a void; and if it was so constrained, this court is not (10 Carmody-Wait 2d, NY Prac § 70:406).

Accordingly, the order appealed from should be modified, on the law and the facts and in the exercise of discretion, to the extent of adding a second decretal paragraph granting petitioners leave to pursue the excluded portion of the file upon amendment of the petition to state a cause of action pursuant to the Freedom of Information Law, and, except as so modified, affirmed, without costs or disbursements. [126 Misc 2d 197.]