■ DANIEL J. LIPSMAN, Respondent, v NEW YORK CITY BOARD OF EDUCATION et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the appellants to turn over all papers, documents, memoranda and reports that formed the basis of their refusal to grant the petitioner a per diem teaching certificate, the appeal is from a judgment of the Supreme Court, Kings County (Hurowitz, J.), dated August 5, 1986, which granted the petition to the extent that the appellants are directed to release to the petitioner the medical reports used in determining the petitioner's fitness for a teaching license.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner was denied a temporary per diem teaching certificate because of an "unsatisfactory physical and medical examination". Along with his denial notice, he was advised that he had the right to file an appeal and received a form which he could fill out authorizing the Board of Examiners of the Board of Education of the City of New York to release a summary of findings of his physical and medical tests to a physician designated by him. Instead of following this procedure he commenced this proceeding which, *inter alia,* sought to compel the appellants to release directly to him the actual medical records and reports used to evaluate his fitness for a per diem teaching certificate. The Supreme Court ordered the appellants to release the reports to the petitioner.

On appeal the appellants argue that the court erred because its decision is contrary to their policy. The appellants contend that this policy is authorized by the bylaws of the Board of Examiners which provide that appeals shall be filed pursuant to rules and regulations adopted by the Board of Examiners. Although the regulations promulgated by the Board of Examiners with regard to appeal procedures should be upheld if not irrational or unreasonable *(see, Matter of Bernstein v Toia,* 43 NY2d 437, 448, *rearg denied* 43 NY2d 950), the policy in

question does not bear any rational or reasonable relationship to the "form and manner in which an appeal may be filed".

The appellants argue that their policy parallels Public Health Law § 17 which provides for hospitals and doctors to release to a designated physician medical records requested by a patient. Since January 1987, Public Health Law § 18 has authorized the release of these records directly to patients (L 1986, ch 497). This change substantially undermines the appellants' position that their practice is somehow grounded on public policy considerations. The case of *Marlow v Kobliner* (78 AD2d 874, *lv denied* 53 NY2d 603), which they cite in support of their position, can be distinguished since there the petitioner asked that the medical records be sent to his physician but contested the Board of Examiners' position that his doctor could only examine the records at its offices. This court found the Board of Examiners' position unreasonable and ordered the reports sent to the petitioner's doctor. The other arguments raised by the appellants are similarly without merit, and, because their policy is unreasonable, the records should be released to the petitioner. Lawrence, J. P., Weinstein, Kooper and Sullivan, JJ., concur.