[679 NYS2d 469]

In the Matter of JAMES V. MANTICA et al., Respondents, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Appellants.

Third Department, November 5, 1998

## APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany (*Frank K. Walsh* of counsel), for appellants.

*DeGraff, Foy, Holt-Harris & Kunz, L. L. P.,* Albany (*Carla L. Ackerly* of counsel), for respondents.

## OPINION OF THE COURT

SPAIN, J.

In 1995, in a letter addressed to the Investigation Unit of respondent State Department of Health (hereinafter respondent), petitioners James V. Mantica and Ruth Mantica requested certified copies of the complete file relating to a complaint filed with respondent in 1994 by Ruth Mantica in connection with care provided by a local hospital to James Mantica.* Thereafter, the Manticas received limited documentation, whereupon they submitted a more detailed request pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]). Respondent denied the request, noting that it had provided "all the information releasable under [FOIL]", and the Manticas appealed. Respondent's Record Access Appeals Officer denied the Manticas' FOIL request for additional records, citing Public Officers Law § 87 (2) (a) and (g), and Public Health Law §§ 18 and 2805-m. The Manticas and their attorneys then commenced this CPLR article 78 proceeding challenging respondent's denial. Supreme Court ordered, *inter alia,* that specific materials which were withheld, based on respondent's claim that they fell within the category of patient information (*see,* Public Health Law § 18), be provided to petitioners. Supreme Court concluded that patient treatment information which respondent withheld under the patient confidentiality provisions of Public Health Law § 18 (6) could not be reasonably withheld upon a FOIL request of James Mantica himself. Respondents appeal.

---

* In May 1995 the Manticas commenced a medical malpractice action against the hospital and four physicians alleging malpractice which led to, *inter alia,* the amputation of James Mantica's legs.

Rejecting respondents' contention that Public Health Law § 18 (6) prohibits rediscloure of patient information by a third party to the patient himself or herself, we now affirm. It is well settled that the privilege of confidentiality belongs exclusively to a patient and not to any third party (see, *Dillenbeck v Hess*, 73 NY2d 278, 289; *Wheeler v Commissioner of Social Servs. of City of N. Y.*, 233 AD2d 4, 9). We agree with Supreme Court that denying a patient disclosure of his or her own health care information is illogical and to condone such prohibition would be unreasonable (see, *Lipsman v New York City Bd. of Educ.*, 133 AD2d 812).

It is axiomatic that government records are presumptively subject to disclosure unless, *inter alia*, specifically exempted by statute (Public Officers Law § 87 [2] [a]; see, *Matter of Hanig v State of N. Y. Dept. of Motor Vehicles*, 79 NY2d 106, 109; *Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse*, 65 NY2d 294, 296-297; *Matter of Daily Gazette Co. v City of Schenectady*, 242 AD2d 164, 166). The agency denying access must demonstrate that "the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification" (*Matter of Capital Newspapers Div. v Burns*, 67 NY2d 562, 566; see, Public Officers Law § 89 [4] [b]; *Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690, 700). Moreover, "FOIL * * * is to be read liberally and its exemptions read narrowly" (*Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N. Y.*, 87 NY2d 410, 417; see, *Matter of Russo v Nassau County Community Coll., supra*, at 697).

Here, the conflict arises because Public Health Law § 18 (6) creates an exception to FOIL and provides that once "a health care provider * * * discloses patient information to [a third party] * * * [i]nformation so disclosed should be kept confidential by the party receiving such information". Moreover, Public Officers Law § 87 (2) (a) provides that agencies make information available for inspection and copying on request unless they "are specifically exempted from disclosure by state or federal statute". Viewed together, they ostensibly provide limited support for respondent's argument.

On the other hand, Public Health Law § 18 (2) provides a patient with access to his or her own health care information. In light of that, Supreme Court properly considered another factor—that of the policy behind the restrictions on disclosure—in ordering disclosure of that portion of respondent's material which involved James Mantica's own medical records.

While it is true that "New York has been zealous in safeguarding [a patient's] privacy" (*Wheeler v Commissioner of Social Servs. of City of N. Y., supra,* at 8), the facts in this case require a look at why the State provides that protection (*id.,* at 9). The confidential nature of patient records has been addressed in the context of physician-patient privilege, where the Court of Appeals has pointed out that the privilege belongs to the patient (*Dillenbeck v Hess, supra,* at 289). Similarly, the State provides every patient with the right to privacy and confidentiality (Public Health Law § 2803-c [3] [f]), and recognizes that regulations may be adopted to preserve those rights and interests of and for patients (Public Health Law § 2805-g [3]; *see, Matter of Short v Board of Mgrs. of Nassau County Med. Ctr.,* 57 NY2d 399, 403). In this case, the patient who initiated the inquiry, and was the subject of that inquiry, requested disclosure of, *inter alia,* materials related to his own medical history obtained by respondent during the resulting investigation. Thus, the patient's right to privacy and the confidentiality of his medical records are not of concern.

Respondents correctly assert that a petitioner's status is usually irrelevant under FOIL (*see, Matter of Capital Newspapers Div. v Burns,* 67 NY2d 562, 567, *supra; Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse,* 65 NY2d 294, 296-297, *supra*); however, this is generally to widen access to government documents and not to limit access, while respecting protected parties' rights to privacy (*see, Matter of John P. v Whalen,* 54 NY2d 89, 98). Moreover, Public Health Law § 18 (3) (d) (i) places the burden on the party seeking to withhold information to show that disclosure "can reasonably be expected to cause substantial and identifiable harm to the subject or others which would outweigh the qualified person's right of access" (*see, Matter of Gould v New York City Police Dept.,* 89 NY2d 267, 275). While respondents note the existence of this provision, no explanation has been presented regarding any possible harm. Respondents have failed to set forth any plausible argument regarding the existence of any harm that may attach to either petitioners or respondents by allowing such redisclosure pursuant to petitioners' FOIL request. Accordingly, we find no exemption under Public Health Law § 18 (6) which would indicate an intent to deny a patient who initiated an inquiry and was the subject of that inquiry the disclosure of, *inter alia,* his or her own medical information obtained by respondent during the resulting investigation.

CARDONA, P. J., WHITE, CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the judgment is affirmed, with costs.