■ In the Matter of JAMES EDWARDS, Respondent, v NEW YORK STATE POLICE, Appellant. [843 NYS2d 729]—

Rose, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered July 31, 2006 in Albany County, which, among other things, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's Freedom of Information Law request.

In 1977, petitioner was convicted of murder in the second degree (see People v Edwards, 64 AD2d 201 [1978]). In 2005, while still serving his sentence of 25 years to life in prison, petitioner made a Freedom of Information Law (hereinafter FOIL) request for various records, forensic evidence and photographs relating to the criminal investigation that led to his conviction. Respondent largely granted petitioner's request, but withheld certain crime-scene photographs on the ground that their release would constitute an unwarranted invasion of the privacy of the victim's surviving family because they show the female victim's bloodied, partially clothed body. After a FOIL appeals officer declined to release the remaining photographs, petitioner commenced this CPLR article 78 proceeding. Finding that petitioner's personal interest in the photographs outweighed the privacy rights of the victim's family, Supreme Court granted the petition. We now reverse.

Pursuant to FOIL, government records are presumptively available to the public unless they are statutorily exempted by Public Officers Law § 87 (2) (see Matter of Fappiano v New York City Police Dept., 95 NY2d 738, 746 [2001]; Matter of Grajales v Lungen, 15 AD3d 789, 790 [2005], lv denied 5 NY3d 704 [2005]). To properly apply the exemption for "unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]), the court must weigh the competing interests of public access and personal privacy (see Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 485-486 [2005]; Matter of Dobranski v Houper, 154 AD2d 736, 737 [1989]). Neither an individual's status as a criminal defendant nor the personal purpose for which he or she seeks the records is relevant to whether their

release is in the public's interest (*see Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274 [1996]; *Matter of Pittari v Pirro*, 258 AD2d 202, 204 [1999], *lv denied* 94 NY2d 755 [1999]; *see also Matter of Mantica v New York State Dept. of Health*, 248 AD2d 30, 33 [1998], *affd* 94 NY2d 58 [1999]).

Here, Supreme Court viewed the disputed photographs in camera and correctly found that the victim's family has a privacy interest in protecting her dignity and memory. In performing the required balancing test, however, the court mistakenly weighed petitioner's personal purpose in seeking the remaining photographs against the family's privacy interest and found the scales tilted in favor of petitioner's personal need for access. When the correct factor is substituted for petitioner's personal interest, however, and we consider the public's interest in access to the remaining photographs in the light of Supreme Court's observation that they are of no significant interest to the public, the result clearly favors a finding that the exemption applies. Moreover, petitioner failed to show that the materials previously released "will be insufficient to meet the public's need to be informed" (*Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d at 487).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.