Spain, J.
Appeal from a judgment of the Supreme County (McNamara, J.), entered June 22, 2011 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Albany County District Attorney’s Office denying petitioner’s Freedom of Information Law request.
Petitioner submitted a request to the Albany County District Attorney’s Office under the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) seeking disclosure of certain documents pertaining to a criminal proceeding that had been brought against a fellow inmate, which resulted in that inmate’s conviction of numerous sex crimes (see People v Clevenstine, 68 AD3d 1448 [2009], lv denied 14 NY3d 799 [2010]). Specifically, petitioner requested copies of a computer disc containing the inmate’s MySpace chat log, which includes the electronic communications between him and the victims, all computer printouts taken from the victims’ computer, a copy of the MySpace index relevant to communications between the inmate and the victims, as well as copies of all records and other documentation related to the inmate’s MySpace chat log computer disc and the printouts taken from the victims’ com *1141 puter. The Albany County District Attorney’s Office denied petitioner’s request on the ground that disclosure would constitute an unwarranted invasion of personal privacy, particularly since victim information was contained throughout the documents making redaction impossible (see Public Officers Law § 87 [2] [b]). The denial was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging that determination. Respondent served an answer, raising the affirmative defense that the proceeding was barred by the statute of limitations and an objection in point of law that disclosure of the requested documents was prohibited by Civil Rights Law § 50-b (1). Supreme Court dismissed the petition. Petitioner now appeals.
Initially, we do not find that the proceeding is barred by the statute of limitations. Public Officers Law § 89 (5) (d) provides that a party seeking to challenge a determination denying a FOIL request has 15 days from the date of “service of the written notice containing the adverse determination” within which to do so. Here, however, there is no proof in the record of the date that such determination was mailed to petitioner or when he received it. Absent such proof, it cannot be concluded that the proceeding was untimely.
Turning to the merits, we note that under FOIL, government records are presumptively entitled to inspection unless subject to a statutory exemption (see Matter of Fappiano v New York City Police Dept., 95 NY2d 738, 746 [2001]; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566 [1986]). “Exemptions are narrowly construed, with the agency that seeks to prevent disclosure bearing the burden of demonstrating that the requested material falls squarely within an exemption by articulating a particularized and specific justification for denying access” (Matter of Carnevale v City of Albany, 68 AD3d 1290, 1292 [2009] [citations omitted]; see Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 566; Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills, 74 AD3d 1417, 1418 [2010], affd 18 NY3d 42 [2011]).
The Albany County District Attorney’s Office relied upon Public Officers Law § 87 (2) (b) in denying the requested disclosure. This provision states that access to governmental records or portions thereof may be denied if disclosure “would constitute an unwarranted invasion of personal privacy under [Public Officers Law § 89 (2)].” Public Officers Law § 89 (2) (b) lists several types of information that would be considered an unwarranted invasion of personal privacy if disclosed, but does *1142 not encompass the information sought in petitioner’s FOIL request. This list, however, is not exclusive (see Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills, 74 AD3d at 1418), and a determination of whether disclosure of the information at issue would amount to an unwarranted invasion of personal property requires balancing the private interests at stake against the public interest in access to such information (see Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 485 [2005]; Matter of Edwards v New York State Police, 44 AD3d 1216, 1216 [2007]).
Here, the computer disc containing the electronic communications between the inmate and the victims was admitted into evidence at the inmate’s criminal trial and the victims themselves testified about sexual conversations they had with the inmate through the MySpace social networking site (see People v Clevenstine, 68 AD3d at 1450). Moreover, substantial additional testimony was adduced regarding the sexually explicit conversations between the inmate and victims via the inmate’s MySpace account (see id.). In view of this, any privacy interest the victims had in such information under this privacy exception has been extinguished. Accordingly, the privacy exception contained in Public Officers Law § 87 (2) (b) is inapplicable.
However, “Civil Rights Law § 50-b (1) provides a statutory exemption from disclosure for documents that tend to identify the victim of a sex offense” (Matter of Karlin v McMahon, 96 NY2d 842, 843 [2001]; see Matter of Fappiano v New York City Police Dept., 95 NY2d at 746-748).* Civil Rights Law § 50-b expressly prohibits the disclosure of information pertaining to the identity of victims of sex offenses, providing, in relevant part, that “[n]o report, paper, picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection” and that “[n]o such public officer or employee shall disclose any portion of any police report, court file, or other document, which tends to identify such a victim” (Civil Rights Law § 50-b [1]). The District Attorney’s Office must make a “particularized showing that the statutory *1143 exemption from disclosure pursuant to Civil Rights Law § 50-b applies to all the records petitioner seeks” (Matter of Karlin v McMahon, 96 NY2d at 843; see Matter of Gould v New York City Police Dept., 89 NY2d 267, 273-275 [1996]). As the District Attorney’s Office made no showing that “each requested document contained identifying information” (Matter of Fappiano v New York City Police Dept., 95 NY2d at 748), we must remit to Supreme Court for further proceedings.
Notably, to the extent that the requested records are determined to contain identifying information and are exempt under Civil Rights Law § 50-b (1), they will fall under the FOIL exemption from disclosure by “state . . . statute” (Public Officers Law § 87 [2] [a]). As such, if a document is protected by Civil Rights Law § 50-b, a state statute, it would be categorically excluded in its entirety and not subject to redaction or deletion (see Matter of Short v Board of Mgrs. of Nassau County Med. Ctr., 57 NY2d 399, 401, 404-405 [1982]; see also Matter of Karlin v McMahon, 96 NY2d at 843 [agency not obliged to disclose records exempted by Civil Rights Law § 50-b, “even though redaction might remove all details which ‘tend to identify the victim’ ”]).
Supreme Court should conduct an in camera review of the documents that were the subject of petitioner’s FOIL request (see Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 83 [1984]; Matter of Edwards v New York State Police, 44 AD3d at 1217; Matter of Beyah v Goord, 309 AD2d 1049, 1050 [2003]; Matter of Radio City Music Hall Prods. [New York City Police Dept.], 121 AD2d 230, 231 [1986]) to ascertain if they identify the victims of the sex crimes and, if they do, whether disclosure should be denied under Public Officers Law § 87 (2) (a) and Civil Rights Law § 50-b (1). Therefore, the judgment must be reversed and the matter remitted to Supreme Court for this purpose.
Mercure, J.P, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.

 While judicial review of an administrative determination is limited to the grounds invoked by the agency (see Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 593 [1982]), this principle of administrative law does not preclude our taking judicial notice of and invoking a state statute (see CPLR 4511 [a]). The Civil Rights Law explicitly and unequivocally precludes an order of this Court compelling disclosure of protected documents, and imposes civil liability upon governmental entities that disclose the identity of a sex crime victim (see Civil Rights Law § 50-c) in violation of Civil Rights Law § 50-b.