McCarthy, J.
Appeal from a judgment of the Supreme Court (LaBuda, J.), entered September 13, 2012 in Sullivan County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review respondent’s determination denying petitioner’s Freedom of Information Law request.
Petitioner is a prison inmate serving sentences for, among other things, rape in the first degree, assault in the first degree, sexual abuse in the first degree (two counts) and unlawful imprisonment in the first degree (People v Karimzada, 48 AD3d 482, 483 [2008], lv denied 10 NY3d 865 [2008]; Karimzada v Cunningham, 2010 WL 597947, *1, 2010 US Dist LEXIS 13437, *2-3 [ED NY, Feb. 17, 2010, No. 09-CV-3317 (JG)]). Petitioner made a request of the State Police pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) for certain documents pertaining to the taking and DNA testing of a blood sample obtained from petitioner while he was incarcerated. The State Police denied the request on the ground that the records were exempt from disclosure as “DNA records” pursuant to Executive Law § 995-c. Respondent denied petitioner’s administrative appeal for the same reason.
Petitioner commenced this proceeding to challenge that denial. Supreme Court found that the documents were exempt from FOIL pursuant to Executive Law § 995-c because petitioner did not have a “pending criminal action” or proceeding, had failed to raise any arguments regarding the propriety of the DNA sample obtained in his underlying criminal action and had failed to provide any evidence that he “need[ed] such material for criminal defense purposes.” Petitioner appeals.
All government records are presumptively available to the public pursuant to FOIL, and the agency seeking to prevent *1089 disclosure bears the burden of articulating a specific justification to deny access (see Matter of Fappiano v New York City Police Dept., 95 NY2d 738, 746 [2001]; Matter of MacKenzie v Seiden, 106 AD3d 1140, 1141 [2013]; Matter of Edwards v New York State Police, 44 AD3d 1216, 1216 [2007]). When determining whether requested documents should be released, the need or purpose for which they are sought is irrelevant, as is the requester’s status (including the status as a criminal defendant or a convicted felon) (see Matter of Gould v New York City Police Dept., 89 NY2d 267, 274 [1996]; Matter of Edwards v New York State Police, 44 AD3d at 1216-1217). One statutory ground upon which an agency may deny access to records is if they are specifically exempted from disclosure by another statute (see Public Officers Law § 87 [2] [a]; Matter of Fappiano v New York City Police Dept., 95 NY2d at 746).
Courts reviewing administrative determinations may only rely on the grounds invoked by the agency, and if those grounds are improper, the courts may not substitute what they deem a legitimate or more appropriate basis (see Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 593 [1982]). Respondent relied on the portion of Executive Law § 995-c that states, “DNA records contained in the state DNA identification index shall be released” for only limited purposes, one of which is “for criminal defense purposes, to a defendant or his or her representative, who shall also have access to samples and analyses performed in connection with the case in which such defendant is charged” (Executive Law § 995-c [6] [b]). For purposes of that statute, a DNA record is defined as “DNA identification information prepared by a forensic DNA laboratory and stored in the state DNA identification index for purposes of establishing identification in connection with law enforcement investigations or supporting statistical interpretation of the results of DNA analysis. A DNA record is the objective form of the results of a DNA analysis sample” (Executive Law § 995 [8]).
Petitioner seeks lab reports, raw data, logbook entries, chain of custody forms and other documentation related to the taking of the blood sample and transporting of the sample and results. He acknowledges that he has already received the actual DNA results from the Division of Criminal Justice Services. Aside from the lab reports that he has already received from another source, it does not appear that these documents are kept in the State’s DNA identification index, so they do not fall within the definition of DNA records. Thus, Executive Law § 995-c (6), which only applies to DNA records, does not apply to the major *1090 ity of petitioner’s request. As respondent failed to prove that the only ground it invoked for denial would exempt the requested documents — aside from the lab reports of DNA results that petitioner has already received and is not seeking on appeal — petitioner is entitled to receive those other documents (see Matter of Carnevale v City of Albany, 68 AD3d 1290, 1292 [2009]; see also Matter of Fappiano v New York City Police Dept., 95 NY2d at 748).
Peters, EJ., Stein and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking all documents except lab reports of DNA results; petition granted to that extent; and, as so modified, affirmed.