Clark, J.
Appeal from a judgment of the Supreme Court (O’Connor, J.), entered September 13, 2012 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner’s Freedom of Information Law request.
An order was issued in 2007 directing that the incoming and outgoing mail of petitioner, a prison inmate, be monitored for two months (see 7 NYCRR 720.3 [e]; 720.4 [f]). Petitioner thereafter filed a request pursuant to the Freedom of Information *1346 Law (see Public Officers Law art 6 [hereinafter FOIL]) seeking all information related to the mail watch order. The response was limited to a copy of the order itself. Petitioner appealed and argued that he was entitled to any records that would illuminate why the order was issued. Respondent denied the administrative appeal, holding that the sought-after records were exempt from disclosure under Public Officers Law § 87 (2) (f) and (g). Petitioner commenced this CPLR article 78 proceeding to review respondent’s determination and, after reviewing the withheld material in camera, Supreme Court dismissed the petition. Petitioner now appeals.
Petitioner correctly notes that “there is a presumption that government documents are available for inspection, and the burden rests on the agency resisting disclosure to demonstrate that they are exempt under Public Officers Law § 87 (2) by articulating a specific and particularized justification” (Matter of Gomez v Fischer, 74 AD3d 1399, 1400 [2010], lv dismissed 15 NY3d 858 [2010]; see Matter of Gould v New York City Police Dept., 89 NY2d 267, 274-275 [1996]). Respondent attempts to rely upon Public Officers Law § 87 (2) (f), which exempts materials from disclosure if that disclosure “could endanger the life or safety of any person.” The withheld document contains no elucidation of the reasons why investigators felt that a mail watch was necessary, however, and we fail to perceive how its disclosure could pose a risk of harm to any individual (see Matter of Flores v Fischer, 110 AD3d 1302, 1303 [2013], lv denied 22 NY3d 861 [2014]).
We are, however, persuaded by respondent’s assertion that the withheld document constitutes inter- or intra-agency deliberative material, “i.e., communications exchanged for discussion purposes not constituting final policy decisions” (Matter of Russo v Nassau County Community Coll., 81 NY2d 690, 699 [1993]; see Public Officers Law § 87 [2] [g]; Matter of Gomez v Fischer, 101 AD3d 1195, 1196 [2012]). The withheld document is a mail watch request and consists of “predecisional evaluations, recommendations and conclusions,” and is accordingly exempt from disclosure pursuant to Public Officers Law § 87 (2) (g) (Matter of Rowland D. v Scully, 152 AD2d 570, 570 [1989], affd 76 NY2d 725 [1990]; see Matter of Williamson v Fischer, 116 AD3d 1169, 1170 [2014], lv denied 24 NY3d 904 [2014]; Matter of Di Rose v New York State Dept. of Correction, 223 AD2d 878, 878 [1996]). Petitioner’s remaining arguments have been considered and found to lack merit.
Lahtinen, J.P., McCarthy, Rose and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed, without costs.