Clark, J.
Appeal from a judgment of the Supreme Court (Devine, J.), entered August 20, 2013 in Albany County, which dismissed petitioners’ application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Deputy Supervisor of the Town of Colonie partially denying petitioner Mary Elizabeth Slevin’s Freedom of Information Law request.
The underlying facts are more fully set forth in Matter of Loudon House LLC v Town of Colonie (123 AD3d 1406 [2014] [decided herewith]). Briefly, petitioners Loudon House LLC and BCI Construction, Inc. (hereinafter collectively referred to as the developers) were involved in an effort to build a condominium development on real property in the Town of Colonie, Albany County. In an effort to facilitate that development, respondent Town Board of the Town of Colonie enacted a local law in 2007 that rezoned the property as a planned development district. Construction had long been stalled due to financial issues, and the Town Board retained outside counsel to investigate its legal options in responding to the situation. Counsel prepared a written report and, at a June 2012 public meeting, gave an oral presentation to the Town Board and other interested community members detailing those options. Following a July 2012 public hearing, the Town Board passed Local Law No. 5 (2012) of the Town of Colonie, which rescinded the planned development district designation and restored the property’s prior zoning designation.
Petitioner Mary Elizabeth Slevin, counsel for the developers, made a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request seeking, among other things, a copy of the report prepared by outside counsel. Respondent Deputy Supervisor of the Town of Colonie ultimately denied that part of her request, holding that the report was exempt from disclosure because it was protected by attorney-client privilege. Petitioners then commenced this CPLR article 78 proceeding seeking disclosure of the report. Supreme Court found the report to be exempt from disclosure and dismissed the petition, prompting this appeal.
“Under FOIL, an agency need not disclose documents ‘specifically exempted from disclosure by state or federal statute,’ ” such as those protected by attorney-client privilege (Matter of Morgan v New York State Dept. of Envtl. Conservation, 9 AD3d 586, 587 [2004], quoting Public Officers Law § 87 [2] [a]; see *1411 CPLR 3101 [b], [c]; 4503 [a] [1]; see generally People v Kozlowski, 11 NY3d 223, 244 [2008], cert denied 556 US 1282 [2009]).* Petitioners do not, in fact, dispute that the report was privileged when it was prepared. Tbey instead contend that the privilege was waived when the contents of the report were later disclosed at various Town Board meetings. Accordingly, it was incumbent upon respondents to demonstrate that the privilege had not been waived and that the report remained exempt from disclosure (see Matter of Madera v Elmont Pub. Lib., 101 AD3d 726, 728-729 [2012]; Matter of Morgan v New York State Dept. of Envtl. Conservation, 9 AD3d at 588; see also Parnes v Parnes, 80 AD3d 948, 950 [2011]).
Petitioners seem to overstate the degree to which the report was relied upon at several public meetings. Nevertheless, “[a] client who voluntarily testifies to a privileged matter, who publicly discloses such matter or who permits his [or her] attorney to testify regarding the matter is deemed to have impliedly waived the attorney-client privilege” (Jakobleff v Cerrato, Sweeney & Cohn, 97 AD2d 834, 835 [1983] [internal citations omitted]; see Jones v Gelles, 167 AD2d 636, 639 [1990], lv denied 77 NY2d 806 [1991]). In that regard, outside counsel appeared at a June 2012 public meeting and made an extensive oral presentation — apparently at the Town Board’s behest — in which counsel set forth his legal analysis of the zoning issues involved. To the extent that the oral presentation parrots the analysis set forth in the report, it may well constitute a waiver of the privilege protecting the contents of the report (see e.g. In re Horowitz, 482 F2d 72, 81 [2d Cir 1973], cert denied 414 US 867 [1973]; 1 McCormick on Evidence § 93 [7th ed 2013]). Whether and how much the report and oral presentation overlap are open questions, however, because the report was not examined by Supreme Court in camera and is not in the record before us. “Determining document immunity claims, and reviewing them, are largely fact-specific processes” requiring an in camera review in most instances, and we cannot discern a clear path to resolving the issues in this case without such a review (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 381 [1991] [citations omitted]; see Geary v Hunton & Williams, 245 AD2d 936, 939 [1997]). We thus remit so that *1412 Supreme Court may inspect the report in camera and render a proper determination on the waiver issue (see Matter of Xerox Corp. v Town of Webster, 65 NY2d 131, 133 [1985]; Matter of MacKenzie v Seiden, 106 AD3d 1140, 1143 [2013]; compare Matter of Madera v Elmont Pub. Lib., 101 AD3d at 729).
McCarthy, J.P., Garry and Lynch, JJ., concur.
Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.

 Respondents further assert on appeal that the report constituted intraagency material that is exempt from disclosure pursuant to Public Officers Law § 87 (2) (g). The determination at issue does not rely upon that FOIL exemption and, under the circumstances present here, we cannot consider whether it applies (see Matter of MacKenzie v Seiden, 106 AD3d 1140, 1143 [2013]; compare Matter of Rose v Albany County Dist. Attorney’s Off., 111 AD3d 1123, 1125 [2013]).