*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 21, 2015                    518887
_____

In the Matter of GREGORY
    AURIGEMMA et al.,
                    Respondents,

        v                                   MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF
    TAXATION AND FINANCE et al.,
                    Appellants.
_____

Calendar Date:  March 24, 2015

Before:  Peters, P.J., Egan Jr., Rose and Lynch, JJ.

                    _____


        Eric T. Schneiderman, Attorney General, Albany (Victor
Paladino of counsel), for appellants.

        Law Office of Barry Leibowicz, Great Neck (Scott Ahroni of
counsel), for respondents.

                    _____


Egan Jr., J.

        Appeals (1) from a judgment of the Supreme Court (Mott,
J.), entered July 1, 2013 in Albany County, which, among other
things, partially granted petitioners' application, in a
proceeding pursuant to CPLR article 78, to review a determination
of respondents partially denying petitioners' Freedom of
Information Law request, and (2) from a judgment of said court,
entered July 30, 2013 in Albany County, which, among other
things, denied respondents' motion for reargument.

        In 2011, respondent Department of Taxation and Finance
undertook a department-wide audit to identify employees who had
overstated their job-related expense deductions on their personal

income tax returns. As a result of this audit, petitioners, all of whom were employed in the Department's Criminal Investigation Division, were issued notices in August 2012 advising them to — in accordance with the provisions of their union contract — submit to an official interrogation in order to determine whether disciplinary action was warranted. Petitioners objected to the interrogation and, in conjunction therewith, filed a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request seeking "any and all documents, records, memoranda and files . . ., which relate, concern, were precipitated by, or respond to, directly or indirectly, to the . . . proposed interrogation of [petitioners]." Respondents' records access officer produced various documents but denied access to, among other things, 68 pages of documents containing proposed interrogation questions — citing Public Officers Law § 87 (2) (e) (iv). Petitioners administratively appealed and, although certain additional and unrelated documents were released, access to the 68 pages at issue again was denied.

Petitioners thereafter commenced this CPLR article 78 proceeding seeking disclosure of the remaining withheld documents. Following an in camera inspection, Supreme Court, by judgment entered July 1, 2013, concluded that the 68 pages of proposed questions did not fall with the exemption set forth in Public Officers Law § 87 (2) (e) (iv) and ordered the release of those pages. As to the balance of the requested documents, Supreme Court concluded that such materials were properly withheld. Additionally, by judgment entered July 3, 2013, Supreme Court denied petitioners' request for counsel fees. Respondents then moved to reargue Supreme Court's July 1, 2013 judgment, apparently contending that Supreme Court overlooked two additional statutory grounds for the denial of petitioners' FOIL request relative to the 68 pages at issue,[1] and petitioners cross-moved for reargument of Supreme Court's prior judgments and certain injunctive relief. By judgment entered July 30, 2013,

---

[1] The basis for respondents' motion to reargue apparently was explained in detail in the accompanying memorandum of law, which is referenced in Supreme Court's resulting decision but is not included in the record on appeal.

Supreme Court denied respondents' motion to reargue, granted petitioners' cross motion to reargue but adhered to its prior decisions and denied petitioners' request for injunctive relief. Respondents now appeal from Supreme Court's July 1, 2013 and July 30, 2013 judgments.[2]

We affirm. "Under FOIL, agency records are presumptively available for public inspection, without regard to the need or purpose of the applicant, unless the requested documents fall within one of the exemptions set forth in Public Officers Law § 87 (2)" (Matter of Williamson v Fischer, 116 AD3d 1169, 1170 [2014], lv denied 24 NY3d 904 [2014] [internal quotation marks and citations omitted]; see Matter of Ward v Gonzalez, 123 AD3d 1345, 1346 [2014]; Matter of MacKenzie v Seiden, 106 AD3d 1140, 1141 [2013]). In this regard, "[e]xemptions are narrowly construed, with the agency that seeks to prevent disclosure bearing the burden of demonstrating that the requested material falls squarely within an exemption by articulating a particularized and specific justification for denying access" (Matter of MacKenzie v Seiden, 106 AD3d at 1141 [internal quotation marks and citations omitted]; see Matter of Ward v Gonzalez, 123 AD3d at 1346; Matter of Hearst Corp. v New York State Police, 109 AD3d 32, 34 [2013]).

Here, in denying access to the 68 pages of proposed interrogation questions, respondents relied exclusively upon Public Officers Law § 87 (2) (e) (iv), which exempts from disclosure "records or portions thereof that . . . reveal criminal investigative techniques or procedures, except routine techniques and procedures." The statute — on its face — references criminal investigative techniques or procedures, and

_____

[2] Although petitioners cross-appealed from these judgments and, further, appealed from Supreme Court's July 3, 2013 judgment denying their request for counsel fees, respondent moved to dismiss such appeals for failure of prosecution, and this Court granted that motion in June 2014, dismissing petitioners' appeal and cross appeals upon default. Accordingly, the only appeals presently before the Court are respondents' appeals from Supreme Court's July 1, 2013 and July 30, 2013 judgments.

prevailing case law suggests that this exemption applies only to a FOIL request that, at the very least, has its genesis in an underlying criminal investigation or prosecution (see Matter of Fink v Lefkowitz, 47 NY2d 567, 572 [1979]; Matter of De Oliveira v Wagner, 274 AD2d 904, 905 [2000]; Matter of Spencer v New York State Police, 187 AD2d 919, 920-921 [1992]; Matter of Dobranski v Houper, 154 AD2d 736, 737 [1989]).  The record before us makes no reference to a criminal investigation implicating petitioners, nor does it suggest that state or local law enforcement officials would be involved in the proposed interrogation of them.  Rather, the record simply reflects that respondents – in their capacity as petitioners' employer – sought to question petitioners in accordance with the provisions of their union contract for the purpose of gathering information that, in turn, potentially could result in the commencement of administrative disciplinary proceedings.  Under these circumstances, we find that the law enforcement exemption embodied in Public Officers Law § 87 (2) (e) (iv) is inapplicable to the documents at issue.  Moreover, having reviewed these documents, we are satisfied that, even assuming this exemption otherwise applied here, the questions at issue were routine in nature – the disclosure of which would not reveal detailed or specialized investigative techniques or procedures (compare Matter of Fink v Lefkowitz, 47 NY2d at 572-573; Matter of Spencer v New York State Police, 187 AD2d at 920-921; Matter of Dobranski v Houper, 154 AD2d at 737).  Accordingly, the 68 pages at issue are not exempt from disclosure under the cited exemption.

Respondents contend, however, that two additional grounds exist for denying disclosure of the proposed interrogation questions – namely, Public Officers Law § 87 (2) (e) (i), which exempts from disclosure records that "interfere with law enforcement investigations or judicial proceedings," and Public Officers Law § 87 (2) (g), which exempts predecisional, inter-agency or intra-agency materials from disclosure.  Although respondents made no mention of the cited exemptions in either the administrative decisions denying access to the requested documents, the answer filed in response to the CPLR article 78 petition or the accompanying affidavit submitted by respondents' records appeal officer, respondents note that such exemptions were referenced in the "privilege log" that was attached to the

records appeal officer's affidavit.  Hence, respondents assert, Supreme Court should have considered these two additional grounds as bases for denying disclosure of the proposed interrogation questions.

As a starting point, respondents appear to have advanced these very arguments in the context of their motion to reargue before Supreme Court – the denial of which is not appealable (see Schillaci v Sarris, 122 AD3d 1085, 1087 [2014]).  Moreover, while respondents are correct in noting that there indeed have been instances where, in the context of a FOIL request, the administrative agency has been permitted to invoke alternative grounds for nondisclosure (compare Matter of Williamson v Fischer, 116 AD3d at 1170 n 2 and Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d 1123, 1125 [2013], with Matter of Loudon House LLC v Town of Colonie, 123 AD3d 1409, 1411 n [2014] and Matter of Miller v New York State Div. of Human Rights, 122 AD3d 431, 432 [2014]), we are not persuaded that respondents actually did so here.  Simply put, respondents bore two separate burdens in this matter: first, to articulate "a particularized and specific justification for denying access" to the requested documents at the administrative level (Matter of MacKenzie v Seiden, 106 AD3d at 1141 [internal quotation marks and citations omitted]) and, second, in the context of the ensuing CPLR article 78 proceeding, to serve an answer containing "pertinent and material facts showing the grounds of [their] action[s]" (CPLR 7804 [d]).  In our view, merely attaching the privilege log to the records appeal officer's affidavit – without any corresponding reference to the cited exemptions or any explanation as to the manner in which such exemptions apply to the documents at issue – does not satisfy either of those burdens.  As a result, neither of the alternative grounds relied upon by respondents will be considered by this Court. Respondents' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., Rose and Lynch, JJ., concur.

ORDERED that the judgment entered July 1, 2013 is affirmed, without costs.

ORDERED that the appeal from the judgment entered July 30, 2013 is dismissed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court