Matter of New York Lawyers for the Pub. Interest v New York City Police Dept. (2021 NY Slip Op 01557)





Matter of New York Lawyers for the Pub. Interest v New York City Police Dept.


2021 NY Slip Op 01557


Decided on March 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

Before: Acosta, P.J., Gische, Webber, González, JJ. 


Index No. 158010/19 Appeal No. 13379 Case No. 2020-02908 

[*1]In the Matter of New York Lawyers for the Public Interest, Petitioner-Respondent,
v
New York City Police Department et al., Respondents-Appellants.


James E. Johnson, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for appellants.
Milbank LLP, New York (Benjamin J. Reed of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered June 3, 2020, which granted the CPLR article 78 petition for an order compelling respondent New York City Police Department (NYPD), pursuant to the Freedom of Information Law (FOIL), to produce unredacted copies of video recorded by police officers on body-worn cameras during the fatal shooting of Susan Muller in Maspeth, Queens, on September 17, 2018, as well as any 911 calls made by Muller on September 16 and 17, 2018, unanimously modified, on the law, to grant the petition to the extent of directing respondents to produce all records sought by petitioner, except that video footage should be redacted by blurring images of Muller's body and blood spatter, and remanding the matter to Supreme Court for further proceedings, including in camera review as necessary, and otherwise affirmed, without costs.
Muller's family has a compelling interest in protecting Muller's dignity by limiting public access to images of her bloodied body (see Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 485 [2005]; Matter of Edwards v New York State Police, 44 AD3d 1216, 1216-1217 [3d Dept 2007]). Petitioner advances a significant countervailing public interest in disclosure of the video, to promote better outcomes in mental health crises. These competing interests can best be balanced by redacting the video to blur out sensitive footage of Muller's body and the scene of her shooting death (see New York Times, 4 NY3d at 485).
Respondents have not met their burden of showing that the video and audio footage should be redacted to remove Muller's home address and to blur the faces of bystanders at the scene (see Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462 [2007]). The privacy interests in both categories are attenuated (Muller's address has already been repeatedly reported in the press and the bystanders' expectations of privacy in the public square are limited) and, under the circumstances, are outweighed by petitioner's interest in full access.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2021